(No. 34123.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ARTHUR BRENDELAND, Plaintiff in Error.

*Opinion filed January 24, 1957—Rehearing denied March 19, 1957.*

ABRAHAM W. BRUSSELL, of Chicago, for plaintiff in error.

LATHAM CASTLE, Attorney General, of Springfield, and JOHN GUTKNECHT, State's Attorney, of Chicago, (FRED G. LEACH, IRWIN D. BLOCH, JOHN T. GALLAGHER, RUDOLPH L. JANEGA, and WILLIAM L. CARLIN, of counsel,) for the People.

Mr. CHIEF JUSTICE KLINGBIEL delivered the opinion of the court:

Plaintiff in error, Arthur Brendeland, together with Wayne Conroy, Robert Foley and Clifford Baker, were indicted in the criminal court of Cook County for the crime of burglary. Conroy, Foley and Baker each filed a plea of guilty. Brendeland pleaded not guilty, and waived trial by jury. At the conclusion of his trial before the court he was found guilty and was sentenced to imprisonment for a term of not less than two nor more than eight years. On their pleas of guilty, codefendants Foley and Baker were each sentenced to a term not less than two nor more than six years, and Conroy was granted probation. Brendeland has sued out a writ of error to review the judgment, contending that the evidence is insufficient, and that his sentence is unduly harsh as compared to the sentences received by his codefendants.

The testimony of Conroy, Baker and two police officers, appearing on behalf of the prosecution, shows that on the evening of August 28, 1955, the four young men, all between nineteen and twenty-five years of age, were together at Baker's home. They discussed their need for money, and Conroy suggested obtaining some by means of a burglary. They then left the house in Conroy's automobile, with Conroy driving, and proceeded to look for houses at which the occupants were not home. They drove to River Forest, where they observed a darkened house. All four went up to it, but were unable to get in. They re-entered the car and rode around until they saw a house without lights in Maywood. They parked the car a block away from the house; and Conroy and Foley, who had been riding in the front seat, left the automobile, went up to the house, and gained entrance through a bathroom window. There they took money and various items of personal property valued at about $280. As they were leaving the house they were seen by some people next door, who were arriv-

ing home in their automobile. Conroy and Foley then started running from the neighborhood, and were later apprehended by the police in Elmhurst.

In the meantime, when Conroy and Foley left the automobile to approach the house, Brendeland and Baker moved into the front seat, Brendeland taking a position behind the driver's wheel. Shortly thereafter, while Conroy and Foley were inside the house, police officers had received a message about the presence of a suspicious car, and drove up to the one occupied by Brendeland and Baker. Upon being questioned about the reason for their presence, Brendeland and Baker stated they and two other men had met a young lady at the beach that afternoon, had brought her home early in the evening, and had arranged to meet her about ten o'clock in that neighborhood. To a question concerning the whereabouts of the two other men, they replied that the latter had left the neighborhood in Brendeland's automobile. Brendeland and Baker were then taken to the police station for further questioning, and while they were there the burglary was discovered.

Brendeland testified on his own behalf that while they were riding in the car he told his companions he did not want to have anything to do with the burglary. He had no explanation, however, for the fact that he nevertheless accompanied the other men after they had discussed the proposed burglary, and moved to the driver's seat when Conroy and Foley left the car. He explained that when the police officer came up to the car and questioned him, he lied because he was on parole at the time from a burglary sentence in Wisconsin and "didn't want to get picked up."

Plaintiff in error argues that the evidence shows only a negative acquiescence on his part, and that mere presence at the scene with knowledge that a crime is to be committed is not enough to render one a party to the crime. The rule relied upon is not applicable here. While mere negative acquiescence is not enough to constitute a person a prin-

cipal, the result is otherwise where the circumstances show a common design to do the unlawful act, to which all assent. In such cases whatever is done in furtherance of the original design is the act of all, and it is not necessary that each one takes an active part in the commission of the crime. (*People* v. *Hobbs,* 400 Ill. 143; *People* v. *Powers,* 293 Ill. 600.) In the case at bar the facts in evidence clearly justify the inference that a common understanding existed, and that the acts done by Conroy and Foley were intended by all four when they started their ride. It is not denied that plaintiff in error knew of the contemplated burglary; that he accompanied the others in their search for a house appropriate for the purpose; that he left the car and went with them up to the River Forest residence, at which they were unsuccessful in gaining an entry; that he continued with his companions until the house in Maywood was selected, and took the driver's seat when Conroy and Foley left to commit the crime; that he then knew of the plan to burglarize the house; and that he lied when the police arrived at the scene and questioned him about the reason for their presence in the neighborhood. In the light of such undisputed facts the record is clearly sufficient to show participation in the crime. His unsupported testimony about having disclaimed any desire to take part in the burglary is obviously insufficient to cast a reasonable doubt as to guilt. We are fully convinced, from the facts and circumstances in this record, that Brendeland participated in the commission of the crime and is guilty as a principal.

It is asserted generally that incompetent evidence was admitted, but the testimony complained of is not specified. The contention therefore cannot be considered.

The complaint that the sentence is excessive when compared with those received by the codefendants must also be rejected. Within the limits prescribed by law the trial court only, and not the Supreme Court on writ of error,

has the power to determine what the sentence shall be; and in the absence of a clear abuse of discretion its judgment cannot be interfered with on review. *People* v. *Heard,* 396 Ill. 215; *People* v. *Kadlecek,* 391 Ill. 470; *People* v. *Wilson,* 391 Ill. 463.

No error has been shown in the record, and the judgment of the criminal court is therefore affirmed.

*Judgment affirmed.*