(No. 34713.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* RALPH THICKSTEN, Plaintiff in Error.

*Opinion filed May 21, 1958—Rehearing denied June 18, 1958.*

JACOB CANTLIN, and DONALD E. BLODGETT, both of Rock Falls, for plaintiff in error.

LATHAM CASTLE, Attorney General, of Springfield, and JOHN L. POOLE, State's Attorney, of Morrison, (ROBERT POTTER, of counsel,) for the People.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

Plaintiff in error Ralph Thicksten was indicted jointly with one William Bevard, in the circuit court of Whiteside County, for the crime of robbery. After trial by jury each was found guilty and sentenced to imprisonment for a term of not less than ten years nor more than twenty.

Plaintiff in error brings the record here for review on writ of error, contending the proof is insufficient to sustain the verdict against him.

The evidence on behalf of the State shows that on the morning of August 30, 1957, plaintiff in error and Bevard were sitting in the J. & R. Tavern at Rock Falls, and were joined by the complaining witness, Davis Applewhite, who had known plaintiff in error for about four years. The three men discussed automobiles, and Applewhite took Bevard for a ride in his car. They returned to the tavern and rejoined plaintiff in error at the bar. About noon Bevard asked Applewhite to ride with him to take plaintiff in error home. The three men thereupon entered Bevard's car. Bevard drove, with Applewhite in the middle and plaintiff in error on the right, all in the front seat. He drove east on U. S. Route 30 to the intersection of Route 88, where he turned south. On a gravel road, at a point about four miles south of town, Applewhite asked that the car be stopped for a moment because he "had to go to the restroom." Bevard stopped the car and plaintiff in error stepped out to let Applewhite out. As Applewhite was getting out he was struck on the back of the head and knocked unconscious. He did not see who hit him.

When Applewhite regained consciousness twenty or thirty minutes later he was lying in the ditch along the road. His billfold and two watches were gone; and the car, with Bevard and plaintiff in error, had also disappeared. Applewhite then went to a farmhouse about one-eighth of a mile away, where one Evelyn Rolofson met him and dressed the wound on the back of his head. The wound was a deep one about two inches long, and blood was gushing out. The police later came in response to a call by Evelyn Rolofson.

Around 1:00 P.M. Bevard and the plaintiff in error entered the County Line Tavern, where they remained about one-half hour. They bought several rounds of drinks

for everyone in the place. Bevard had been wearing a white butcher's coat, and there were now some blood stains on the front and sleeves. While in this tavern he explained their presence by saying he had been butchering that morning. He and the plaintiff in error next appeared at the Cottage Inn Restaurant together, but seated themselves at opposite ends of the counter. A police officer entered and arrested Bevard. Applewhite's billfold was later found in a bottle cap container near the place where Bevard had been sitting.

Neither Bevard nor plaintiff in error testified at the trial, and the facts outlined above are not disputed. It is insisted, however, that they are insufficient to justify a finding that plaintiff in error participated in the robbery. Plaintiff in error argues there is no direct evidence in the record that he did any affirmative act in connection with the crime or joined in a common design to commit it. The contention cannot be sustained. There is more shown by this evidence than mere presence at the scene of the robbery and a negative acquiescence therein. Plaintiff in error was closely associated with Bevard immediately before and after the crime, as well as at the time it was committed. No other person except the victim was in the vicinity at that time, and plaintiff in error left Applewhite lying unconscious in the ditch and accompanied Bevard to a tavern, where they bought drinks for the house, and then went on together to a restaurant. There is no evidence showing an attempt upon his part to notify authorities or anyone else of the event, nor is there anything to show he was prevented from doing so. In the absence of explanation, such conduct is not consistent with that of an innocent person similarly situated, and is sufficient to support an inference that a common understanding or design existed between Bevard and plaintiff in error. While mere presence or negative acquiescence is not enough to constitute a person a principal, circumstances may show there is a common

design to do an unlawful act to which all assent. In such cases it is not necessary that each one shall take an active part in the commission of the crime. Whatever is done in furtherance of the design is the act of all, and each is guilty of the crime. *People* v. *Brendeland,* 10 Ill.2d 469; *People* v. *Arnett,* 408 Ill. 164; *People* v. *Hobbs,* 400 Ill. 143; *People* v. *Powers,* 293 Ill. 600.

In a criminal prosecution the factual issues are for the jury to determine, and this court will not disturb its finding unless the proof does not meet the requirements of law. From the facts and circumstances in this record, the jury could reasonably find that plaintiff in error knew the robbery was to be committed, that he participated therein, and that he is guilty as a principal. The court did not err in refusing to set aside the verdict.

The judgment of the circuit court is correct and it is accordingly affirmed.

*Judgment affirmed.*