(No. 35641.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, v. RUBEN TORRES, Plaintiff in Error.

*Opinion filed May 18, 1960.*

JULIUS LUCIUS ECHELES, and BARRY GOODMAN, both of Chicago, for plaintiff in error.

GRENVILLE BEARDSLEY, Attorney General, and BENJAMIN S. ADAMOWSKI, State's Attorney, of Chicago, (FRED-

G. .Leach, Assistant Attorney General, and Francis X. Riley, and Edward J. Hladis, Assistant State's Attorneys, of counsel,) for the People.

Mr. Chief Justice House delivered the opinion of the court:

Ruben Torres and Ernesto Correa were tried for murder in the criminal court of Cook County under an indictment charging them with the fatal stabbing of Joseph Coss. Both were found guilty by the court and judgment was entered sentencing them to the penitentiary for a term of twenty years. The judgment convicting Torres is before us on writ of error.

The following facts are not disputed. On May 5, 1959, between 10:30 and 11:00 P.M. Joe Coss, a tavern owner, became engaged in a fight in his tavern with the defendant and Correa. The defendant and Correa then left. Although there were wounds and marks on the face of Coss, he refused assistance or medical aid and continued serving customers until about 1:00 A.M. About this time Correa and the defendant returned to the tavern and tried to enter. Coss attempted to keep the door closed but defendant and Correa succeeded in forcing the door half open. Correa then stabbed Coss through the half opening of the door. Defendant and Correa were arrested later that morning in another tavern. They were then taken to the hospital where they were identified by Coss before he died.

Neither Correa nor defendant testified at the trial. It is argued, however, that this evidence is insufficient to justify a finding that defendant participated in the killing.

We are of the opinion that the trial court, as the trier of fact in this case, properly concluded. that this evidence reveals more than the mere presence of defendant at the scene of the crime and his negative acquiescence therein. Defendant was closely associated with Correa before the crime, during the crime and after the crime. He took part

in the first affray with Coss and later aided Correa in pulling the tavern door half open. He was still with Correa when both were later arrested at another tavern. He made no effort to assist the victim, notify authorities or anyone else of the event, flee or separate himself from Correa, or in any manner disavow the act of Correa. All these circumstances give rise to a justifiable inference that the assault on Coss was pursuant to a common purpose. (*People* v. *Rybka,* 16 Ill.2d 394; *People* v. *Thicksten,* 14 Ill.2d 132.) Whatever is done in furtherance of the design is the act of all, and each is guilty of the crime. *People* v. *Thicksten,* 14 Ill.2d 132; *People* v. *Brendeland,* 10 Ill.2d 469; *People* v. *Arnett,* 408 Ill. 164.

It is next contended that the trial court erred in admitting statements made by the victim because they were not qualified as dying declarations. The statement complained of was that defendant held a gun on the victim while Correa stabbed him. This statement was made in the presence of the defendant. The record shows that the trial court did not admit it as a dying declaration, but as an accusation coupled with defendant's silence under circumstances calling for contradiction or reply. In such case the testimony is not hearsay. *People* v. *Homer,* 8 Ill.2d 268.

Defendant then contends that the trial court committed reversible error by preventing his attorney from eliciting whether the defendant did in fact remain silent when accused by the deceased or under the facts of the situation should have denied the accusation. We are of the opinion that the trial court properly sustained objections to questions as to whether the defendant had ever made a written statement or any oral admission because they were outside the scope of direct examination and tended to be self-serving. This line of questioning was apparently not directed to the issues of whether the defendant did in fact remain silent in the face of the victim's accusation or whether the situation was such that he should have de-

nied it. A fair reading of the record on this point tends to indicate that the purpose now given to this line of cross-examination is an afterthought.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*