422

(No. 35484.—

The People of the State of Illinois, Defendant in Error, vs. William Gilkey, Plaintiff in Error.

*Opinion filed March 29, 1961.*

Thomas A. McGloon, of Chicago, for plaintiff in error.

William L. Guild, Attorney General, of Springfield, and Daniel P. Ward, State's Attorney, of Chicago, (Fred G. Leach, Assistant Attorney General, and Francis X. Riley and Edward J. Hladis, Assistant State's Attorneys, of counsel,) for the People.

Mr. Justice Solfisburg delivered the opinion of the court:

Plaintiff in error, William Gilkey, together with Herman Ross and John H. Peterson were jointly indicted for the crime of robbery by force and intimidation. Peterson was granted a separate trial. Both Gilkey and Ross waived trial by jury, were tried by the court, found guilty and sentenced. Gilkey's sentence was for a term of one to five years while Ross's sentence was for a term of one to three years. Gilkey has sued out a writ of error to review the judgment, contending that the evidence is not clear, cogent and convincing that he was a participant in the crime charged.

The complaining witness, Alejandrino Gomez testified that on October 25, 1957, about 4:00 A.M., he got off an elevated train at Howard Street in Chicago. On the platform, defendant Ross asked him for a cigarette, then Ross and defendants Gilkey and Peterson jumped him, and took a lighter and seventeen dollars from him. Gomez identified Ross as the man who took the money after Peterson hit him in the nose causing it to bleed, and further testified that Gilkey held his hand while the money was being taken. He saw a policeman on the platform. On cross-examination, he said that Peterson hit him, that the policeman was present when he was hit a second time, and that when the policeman questioned Gilkey, Gilkey denied being involved and said he didn't know the other men.

Lawrence Provost testified that he was a C.T.A. policeman, that he saw Gomez, Peterson, Ross and Gilkey in a small enclosure on the platform, that Ross hit Gomez in the stomach, that when he arrived at the scene Gilkey was just ready to leave and that Gomez was bleeding about the face, eyes, nose, and mouth. Provost further testified that when he first saw the men, Gilkey was facing Gomez but that when he arrived Gilkey was leaving and had his back to Gomez.

Richard Gugliano, a police officer of the city of Chicago, testified that he arrested the defendants, that Ross's knuckles on the right hand were cut and bleeding, and that there was

blood on Gilkey's right hand. Cross-examination revealed that the money was not found and that the witness didn't know which hand Gilkey had the blood on.

For the defense, Ross alone testified. He stated that Gomez asked him for a cigarette and when he said he didn't have any, Gomez called him a foul name. He then hit Gomez twice and Peterson grabbed Gomez around the neck. He further stated that he did not know the other two defendants, didn't see any blood on Gilkey's hands, and had no conversation with the other defendants.

Gilkey contends that to establish his guilt, it is essential to prove beyond a reasonable doubt, not only the commission of the robbery charged, but also his participation in it and that the People did not meet this burden. We do not agree. More is shown by the evidence than mere presence at the scene of the crime. Gomez was positive in his testimony as to identification and participation by Gilkey and, although there was some confusion in his testimony, a reading of the record clearly indicates that this confusion was because he was a Puerto Rican and had some difficulties with the English language which the judge assisted in clarifying. The evidence reflects that Gilkey was at the scene of the attack, that he held the victim's hand, that a sum of money was taken from the victim, and that blood was found on the hand of this defendant.

In the absence of explanation, Gilkey's conduct is not consistent with that of an innocent person similarly situated. The circumstances show a common design to do an unlawful act to which all assented and in which all participated. *People* v. *Brendeland,* 10 Ill.2d 469; *People* v. *Thicksten,* 14 Ill.2d 132.

As this was a bench trial, the credibility of the witnesses, the weight to be given their testimony, and the inferences to be drawn therefrom are for the trial judge who saw and heard the witnesses testify. This court will not set aside a conviction depending upon the weight of the evidence except

to prevent an apparent injustice. *People* v. *Pride,* 16 Ill.2d 82; *People* v. *Richardson,* 17 Ill.2d 253.

From the evidence in the record, the trial judge could reasonably find that Gilkey knew the robbery was to be committed, that he participated therein, and that he is guilty as a principal.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*