People of the State of Illinois, Appellee, v. Steven Hill, Appellant.

Gen. No. 64–81.

Third District.

April 14, 1965.

Edward F. Sutkowski, of Peoria, for appellant.

George R. Kennedy, State's Attorney, of Peoria, and Jay H. Janssen, Assistant State's Attorney, for appellee.

CORYN, J.

The defendant, Steven Hill, was indicted for the offense of theft of approximately 150 pairs of men's trousers having a value in excess of $150. After being found guilty of this offense by a jury, the defendant was sentenced by the trial judge to imprisonment for a term of not less than four nor more than six years in the Illinois State Penitentiary. From this judgment the defendant appeals, contending that the evidence was legally insufficient to establish beyond a reasonable doubt, the requisite criminal knowledge or intent of the defendant. The defendant further contends, on appeal, that the trial judge abused his discretion by imposing a more severe sentence upon him than upon the others who participated in the same offense merely because he demanded a trial by jury while they pleaded guilty to the offense.

The applicable statute, Chapter 38, Section 16–1, defines the crime of theft as follows: "A person commits a theft when he knowingly (a) Obtains or exerts unauthorized control over property of the owner; . . . or (d) Obtains control over stolen property, knowing the property to have been stolen by another, and (1) Intends to deprive the owner permanently of the use or benefit of the property, or (2) Knowingly uses, conceals or abandons the property in such manner as to deprive the owner permanently of such use or benefit; or (3) Uses, conceals, or abandons the property knowing such use, concealment or abandonment probably will deprive the owner permanently of such use or benefit. Penalty . . . A person convicted of theft of property from the person or exceeding $150

in value shall be imprisoned in the penitentiary from one to 10 years."

The evidence in this case establishes that on April 12, 1963, the defendant returned from a fishing trip with his girl friend and her brother. Early in the evening he left his girl friend's house to go home, and was given a ride by Ronald Plice and Leigh Schrodt, acquaintances of the defendant. The three young men drove around Peoria for several hours, and at about 12:30 a. m., on April 13, 1963, they stopped in the Delta Truck Lines' parking lot. All three got out of the car and examined one of the trucks, which they found to be empty. They then walked over to another truck that was sealed, whereupon Plice and Schrodt broke the seal on the truck, and removed two boxes of trousers. Defendant was standing nearby at this time and assisted in taking the two boxes of trousers to their automobile. Also, the defendant warned Plice and Schrodt that someone was coming and that "they better get out of there." The young men then drove to Schrodt's house where they broke into the boxes and each of them tried on pants. The defendant testified that he tried on one pair of pants, but that he took them off and did not keep them. The defendant further testified that the three of them packed the pants they did not want back into the boxes and took them to the dump at Creek Road. At about 5 a. m. that morning, all three were apprehended by Peoria police officers. The automobile they were riding in was a stolen vehicle, and some of the stolen pants were located in this car. The defendant disclaimed knowledge that the car was stolen.

■■ Defendant asserts that the evidence shows, at best, only his mere presence at the crime, and his negative acquiescence therein, and that consequently the evidence is insufficient to support a verdict that

he participated as a principal in the theft. "While it is true that mere presence or negative acquiescence is not enough to constitute a person a principal, one may aid and abet without actively participating in the overt act, and if the proof shows that a person was present at the commission of a crime without disapproving or opposing it, it is competent for the trier of fact to consider this conduct in connection with other circumstances and thereby reach a conclusion that such person assented to the commission of the crime, lent to it his countenance and approval and was thereby aiding and abetting the crime. Stated differently, circumstances may show that there is a common design to do an unlawful act to which all assent, and whatever is done in furtherance of the design is the act of all, making each person guilty of the crime." People v. Washington, 26 Ill2d 207, at 209, 186 NE2d 259. Similarly, People v. Brendeland, 10 Ill2d 469, at 471, 140 NE2d 708.

■ ■ In criminal prosecutions the factual issues are for the jury to determine, and the Appellate Court will not disturb the jury finding unless the proof does not meet the requirements of law. People v. Thicksten, 14 Ill2d 132, 150 NE2d 813.

■ From the facts and circumstances in this record, the jury could reasonably find that the defendant knew the theft was to be committed, that he participated therein, and that he is guilty as a principal.

Plice and Schrodt upon a plea of guilty to the charge of theft were both sentenced to the Illinois State Penitentiary for a term of from two to four years. The defendant, after a trial by jury, was sentenced from four to six years for the same offense, and thereby contends that the imposition of this sentence was an abuse of discretion by the trial judge, and that he was given a more severe sentence than Plice and

Schrodt merely because he insisted upon his right to a trial by jury. In support of this contention, the defendant cites People v. Moriarity, 25 Ill2d 565, 185 NE2d 688, where the trial court admonished the defendant as follows: "If you would have come in here as you should have done in the first instance, to save the State the trouble of calling a jury, I would probably have sentenced you, as I indicated to you I would have sentenced you, to one to life in the penitentiary. It will cost you nine years additional, because the sentence now is ten to life in the penitentiary." On appeal, the Supreme Court stated:

> "We have always been and are extremely reluctant to interfere with the discretion vested in the trial judge where the sentence is within the statutory range. (People v. Calhoun, 22 Ill App2d 31, 36.) Furthermore, we have recently refused to disturb a sentence despite inappropriate remarks by the trial court at the time of imposing punishment. People v. Capon, 23 Ill2d 254, 257.

> "However, we believe that the court's remarks here make it evident that the punishment imposed by the trial judge was in part for the reason that the defendant had availed himself of his right to a jury trial, and only in part for the crime for which he was indicted. The defendant in a criminal case should not be punished by a heavy sentence merely because he exercises his constitutional right to be tried before an impartial judge or jury. United States v. Wiley, 278 F2d 500, 504."

The sentence imposed upon the defendant in the case at bar is within the limits prescribed by law, and the record is wholly devoid of any evidence that the trial judge imposed a more severe sentence on the defendant than upon his partners in crime merely

because the defendant insisted upon a trial by jury. The trial judge has the power to determine what the sentence shall be, and in the absence of a clear abuse of discretion, his judgment will not be interfered with on review. People v. Brendeland, 10 Ill2d 469, 140 NE2d 708.

No error has been shown in the record, and the judgment of the Circuit Court of Peoria County is therefore affirmed.

Affirmed.

ALLOY, P. J. and STOUDER, J., concur.