**People of the State of Illinois, Plaintiff-Appellee, v. Gene Smith, Defendant-Appellant.**

Gen. No. 52,302.

First District, Fourth Division.

December 22, 1967.

Lee J. Snitoff, of Chicago, for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Oliver D. Ferguson, Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE ENGLISH delivered the opinion of the court.

OFFENSE CHARGED
 Theft.*

---

\* Ill Rev Stats (1965), c 38, § 16–1(a)(1).

> A person commits theft when he knowingly: (a) Obtains or exerts unauthorized control over property of the owner; . . .

JUDGMENT

After a bench trial, defendant was found guilty and sentenced to one year in the House of Correction.

POINTS RAISED ON APPEAL

(1) Venue was not properly alleged in the complaint.
(2) The complaint is otherwise fatally defective.
(3) Defendant was not proved guilty beyond a reasonable doubt.

COMPLAINT COMMENCING PROSECUTION

JOSEPH J. McDONOUGH, CLERK OF THE CIRCUIT COURT OF COOK COUNTY

MISDEMEANOR

| STATE OF ILLINOIS | | THE CIRCUIT |
|---|---|---|
| | SS | COURT OF |
| COUNTY OF COOK | | COOK COUNTY |

The People of the State of Illinois
 Plaintiff COMPLAINT
 v. No. ―――――
Gene Smith
 Defendant

GLADYS ROWLAND, complainant, now appears before The Circuit Court of Cook County and in the name and by the authority of the People of the State of Illinois states that GENE SMITH has, on or about 31 January 1967 at 6012 So. Parkway committed the offense of theft in that he knowingly obtained or exerted unauthorized control over property, to wit: (Sheets & Draperies) of the value of $150.00 or less, the property of Gladys Rowland, with the intent to deprive said victim permanently of the use and bene-

―――――
and (1) Intends to deprive the owner permanently of the use or benefit of the property; . . . .

390

fit of said property, in violation of Chapter 38 Section 16–1 (A) 1 ILLINOIS REVISED STATUTE AND AGAINST THE PEACE AND DIGNITY OF THE PEOPLE OF THE STATE OF ILLINOIS.

x Gladys Rowland
_____
(Complainant's Signature)

Gladys Rowland
_____
(Complainant's Address) (Telephone No.)
6812 So. Parkway — BU. 8–5000

STATE OF ILLINOIS ⎫
 ⎬ SS.
COUNTY OF COOK ⎭

GLADYS ROWLAND
_____
(Complainant's Name)

being first duly sworn, on his oath, deposes and says that he has read the foregoing complaint by him subscribed and that the same is true.

Gladys Rowland
_____
(Complainant's Signature)

Subscribed and sworn to before me 31 Jan., 1967.

Sgt. X. Jackson
_____
(Judge or Clerk)

JOSEPH J. McDONOUGH

I have examined the above complaint and the person presenting the same and have heard evidence thereon, and am satisfied that there is probably cause for filing same. Leave is given to file said complaint. Warrant issued.

Bail Fixed at $500.00

JUDGE EDWIN C. HATFIELD
_____

391

EVIDENCE

*David James, for the State*

He was employed by the Southway Hotel. At about 7:30 p. m. on January 31, 1967, he found defendant alone in one of the hotel rooms. The door was ajar. Defendant attempted to leave the room when James entered, but James detained him. James observed a bundle on the bed and a bundle on the floor of the room. Both bundles were six or seven feet from defendant. The bundles contained sheets and draperies belonging to the hotel. James did not see defendant tie, carry or handle these bundles. Defendant was never a registered guest of the hotel and had been told repeatedly to stay out of the hotel. Defendant told James he entered the room to use the washroom. The incident occurred in Chicago, Illinois, in the County of Cook.

*Gladys Rowland, for the State*

She was the resident manager of the hotel at the time of the incident. The sheets and draperies, which had a value of less than $150, belonged to the hotel and were under her control. They were on the bed and windows when she had been in the room a short time before defendant was apprehended there. She returned to the room and heard defendant say he went into the room to use the washroom. She never saw defendant carry or exercise control over the bundles. She called the police and went to the police station to sign a complaint.

*Officer Liggett, for the State*

He was the police officer who responded to the call and arrested defendant at the hotel.

OPINION

(1) Defendant contends that jurisdiction of the court was not established because the complaint failed to allege the county in which the offense was committed. In support of this point defendant relies on section 9 of article II of the Illinois Constitution which guarantees an accused the right to be tried in "the county or district in which

the offense is alleged to have been committed." Defendant does not contend, however, that venue was improperly fixed or that he was in any way prejudiced by failure to include in the body of the complaint an allegation as to the county in which the offense was committed. Uncontroverted evidence established that the offense was committed in Chicago, Cook County, Illinois. It is also beyond dispute that while the body of the complaint alleges merely that the theft occurred at 6012 So. Parkway, there are numerous references to Cook County and its Circuit Court in the caption and in the verification of the complaint.

▇ This situation comes squarely within the holding in the recent case of People v. Williams, 37 Ill2d 521, 524–525, 229 NE2d 495, where, in affirming a conviction on a similar complaint, the Supreme Court ruled:

> [W]here as in this case, there is no conflict between the caption and the body of the charge, no suggestion that the venue was improper or improperly proved, and no showing of prejudice to the defendant, we see no reason to refuse to read the caption as part of the complaint. So read, the complaint sufficiently designates the county in which the offense was alleged to have been committed.

The Williams opinion discussed the authorities cited by defendant in support of this point, distinguishing some and rejecting the one on which defendant principally relies, People v. Hill, 68 Ill App2d 369, 216 NE2d 212.

(2) Next, defendant contends that the complaint is fatally defective for four other reasons: (1) no notary seal is affixed to the affidavit; (2) the full name of the person taking the acknowledgment of the complainant's signature is not shown; (3) the masculine gender is used in the oath, while the complainant is a female; (4) the person certifying as having examined the complaint and giving leave to file the complaint affixed his signature as

a judge when he was not a judge but a magistrate. In making these points, defendant relies on the provisions of the State and Federal constitutions requiring a sworn complaint for the issuance of an arrest warrant. However, it must be noted that Officer Liggett had placed defendant under arrest prior to the signing of the complaint.

■ In People v. Harding, 34 Ill2d 475, 481–482, 216 NE2d 147, the Supreme Court held:

> that the constitutional provisions upon which the defendant relies should not be extended to require a sworn complaint as a jurisdictional prerequisite to the prosecution of a criminal offense.

Recognizing that the Illinois Code of Criminal Procedure requires that a complaint shall be verified and signed by the complainant, the court in Harding stated:

> . . . and we hold that *a defendant who does not waive* by plea of guilty or by proceeding to trial *without objection,* the defective verification of a complaint, is entitled to be prosecuted upon a complaint which states upon the oath of the complainant the facts constituting the offense charged. [Emphasis supplied.] 34 Ill2d at 483.

The implication that defective verification of the complaint may be waived, however, is inescapable. There is also dicta to the same effect in Village of Willowbrook v. Miller, 72 Ill App2d 30, 34, 217 NE2d 809. The Willowbrook opinion went on to note that the statute is concerned only with the fact of verification and not with the officer before whom the verification was effected. The Code of Criminal Procedure specifies no qualifications for the person before whom the complaint is to be sworn. Ill Rev Stats (1965), c 38, § 111–3(b).

■ In the case on appeal the complaint purported to be verified. Defendant did not move to quash the com-

plaint until after the State had rested its case. Parenthetically, the record does not disclose the basis for this motion. At the time of the motion the complainant had already sworn in open court to all the facts alleged in the complaint. We are constrained to hold that, no objection having been made in apt time, if any defects did in fact exist in the verification of the complaint, defendant is deemed to have waived them.

■ ■ (3) Finally, defendant contends that insufficient evidence was adduced by the State to prove the charge of theft. A person commits this crime when he knowingly obtains or exerts unauthorized control over property of the owner and intends to deprive the owner permanently of the use or benefit of the property. (See footnote above.) If defendant took the linen off the bed and the drapes off the windows of the room where James found him, then he exerted unauthorized control over that property and the necessary intent may be inferred from the nature of the overt conduct and the surrounding circumstances. People v. Hill, 58 Ill App2d 191, 194, 206 NE2d 269.

■ Defendant finds himself ensnared in an exceedingly strong web of circumstantial evidence. Miss Rowland had been in the room a "short time" before defendant was discovered there, and the sheets and draperies had been in their proper places. When James entered, defendant was alone in the room and the bed linens and drapes were wrapped in bundles only a few feet away from him. The trial judge obviously gave no credit to defendant's testimony that he had innocently entered the room to use the washroom, and this conclusion does not appear unreasonable in the light of the uncontradicted testimony that defendant had been repeatedly ordered from the premises by the hotel management. On the basis of all these circumstances, the trial court did not err in deciding that defendant had knowingly exerted unauthorized control over the property with the requisite criminal intent.

395

█ Defendant has also argued that Gladys Rowland was not the owner of the property, as alleged in the complaint, since her own testimony showed it to have been the property of the hotel. We find no merit in this point. As used in the theft statute, " 'owner' means a person other than the offender who has possession of or any other interest in the property involved, . . . and without whose consent the offender has no authority to exert control over the property." Ill Rev Stats (1965), c 38, § 15–2. Miss Rowland was the resident manager of the hotel and as such had the authorized control over all its property. In that capacity she was an owner within the definition of the statute. People v. Dell, 77 Ill App2d 318, 323, 222 NE2d 357.

DECISION

The judgment of the Circuit Court is affirmed.

Affirmed.

DRUCKER and McCORMICK, JJ., concur.