THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CORBERT JACKSON, JR., Defendant-Appellant.

(No. 71-97;

Third District—February 15, 1972.

Bruce Stratton, of Illinois Defender Project, of Ottawa, (John Barton, of counsel,) for appellant.

Roland Litterst, Assistant State's Attorney, of Peoria, for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

The defendant, Corbert Jackson, Jr., was charged with the commission of the crime or robbery. After trial by jury in the circuit court of Peoria County and being found guilty he was sentenced to a term in the penitentiary for a period of not less than four nor more than eight years.

The sole issue presented for review is whether the State failed to prove the requisite elements of the crime of robbery.

The pertinent facts which resulted in the trial and conviction of the defendant occurred in the early morning hours of October 17, 1970. At that time Frederick Wheeler proceeded to visit a number of taverns in the city of Peoria. After having imbibed far too much of alcohol beverages, Wheeler at approximately 3:00 o'clock A.M. left a tavern known as the Slipper Club and proceeded down an alley toward a street where his car was parked. As he was emerging from the alley two Negro men and a Negro woman spoke to him and as he turned he was grabbed and dragged back into the alley. He was then beaten, driven to the pavement, kicked, rolled over and his billfold and watch were taken from his person. Wheeler next remembered seeing car lights, a shot being

fired, and police asking him if he was hurt. He was never able to identify his assailant.

Immediately prior to the attack on Wheeler four policemen were riding in a police car approaching the alley where the attack was taking place. After passing the alleyway two of the officers thought they observed a fight taking place so the police car was stopped and backed up to the alley entrance. The stopping and backing up of the vehicle consumed a time period of not more than five seconds. One of the officers later testified that as they were entering the alley he saw the defendant standing over and kicking the fallen victim. Three officers testified that they saw the defendant go through the pockets of Wheeler and as the police approached the scene he threw the victim's wallet to the pavement. As the police were attempting to place the defendant against a wall in order to search him he pulled away from them and struck one officer in the arm causing the officer's gun to discharge. A search of the defendant disclosed that he had Wheeler's wristwatch in his pocket.

Witnesses called by defendant testified that on the evening in question Wheeler was in an intoxicated condition, that he bothered customers in a tavern, that he was obnoxious and that he tried to "mess around" with a girl friend of the defendant. There was further testimony that the defendant had words with Wheeler about his conduct and that when Wheeler left the tavern he "hollered something smart", whereupon the defendant, followed by his girl friend, chased after him. One witness for the defendant testified that between 3:00 o'clock and 3:30 A.M. on the date in question he saw the defendant fighting in the presence of several other men and his girl friend. This witness testified that it appeared to him that the defendant was receiving most of the blows.

On appeal the defendant now takes the position that his conviction should be reversed because the State failed to prove each and every element of the offense of robbery. It is the defendant's contention that while witnesses identified him as being present at the scene of the occurrence and in fact testified as to his taking property from the person of the victim that no witness for the State testified he used force or threatened force and that without this proof he could not be guilty of the crime of robbery.

A person commits robbery when he takes property from the person or presence of another by the use of force or by threatening the imminent use of force. Ill. Rev. Stat., ch. 38, par. 18—1(3).

■■ The testimony adduced at the trial of the defendant is irrefutable as to the defendant taking from the person of the victim a wallet and a wristwatch. Coupled with this proof is the testimony of one police officer who said that he saw the defendant kicking the victim who was lying

badly injured on the pavement. This testimony supplies the requisite element of taking property from a person by the use of force and therefore there was sufficient evidence to sustain a conviction of robbery. Conflicting testimony as to the defendant's use of force was presented by defense witnesses. In *Gainey v. People*, 97 Ill. 270, the court said:

> "The most important and useful function which the jury is required to perform is to determine on which side of a controversy the real truth lies where the testimony as to the material facts is directly in conflict and irreconcilable, and its conclusion in such case of necessity depends largely upon the credit to be given to the opposing witnesses, hence it is universally admitted to be the peculiar province of the jury to determine the credibility of the witnesses."

■■ It has also been held that the testimony of one credible witness is sufficient for the trier of the facts to conclude that the defendant had been proved guilty beyond a reasonable doubt. *People v. Webb*, 60 Ill. App.2d 365, 208 N.E.2d 639.

■■ After a careful consideration of all the testimony we fail to find that there is a reasonable and well founded doubt as to the guilt of the accused that would authorize us to invade the province of the jury by concluding that their verdict was not supported by credible testimony.

We need not, however, base our opinion in this case solely on the testimony of one State witness, who provided the requisite element of force when he testified that he saw the defendant kick the victim. Should this testimony be ignored or had it never been received by the trial court, we nevertheless conclude that based on the remaining testimony of witnesses both for the State and for the defense there is sufficient evidence to sustain the conviction of the crime of robbery.

Witnesses for the defendant placed the victim and the defendant together in a tavern a short time prior to the assault. There was testimony that the defendant was resentful of the victim's conduct at the tavern, that the victim antagonized the defendant by some remarks as he left the tavern and then the defendant, followed by his girl friend, chased after him. One defense witness testified that at approximately 3:00 o'clock to 3:30 he was in the alley and saw defendant exchanging blows with some man and that also present in the alley was defendant's girl friend and possibly three or for other men. Coupled with this testimony is the evidence uncontradicted by the defendant, and for that matter in this appeal admitted by him, that he took from the person of the victim a billfold and a watch.

The testimony which we have just recounted is by itself sufficient to sustain the defendant's conviction for the crime of robbery.

■■ A case strikingly similar both  as to its factual structure and the

issue raised on appeal with the one which we are now considering is *People v. Clark*, 30 Ill.2d 67, 195 N.E.2d 157, wherein our Supreme Court stated:

> "While mere presence or negative acquiescence is not sufficient to constitute a person a principal to a crime, one may aid and abet without actively participating in the overt act, and if the proof shows he was present at the crime without disapproving or opposing it, the trier of fact may competently consider this conduct in connection with other circumstances and thereby reach a conclusion that such person assented to the commission of the criminal act, lent his countenance and approval and was thereby aiding and abetting the crime. *People v. Washington*, 26 Ill.2d 207, 186 N.E.2d 259; *People v. Thicksten*, 14 Ill.2d 132, 150 N.E.2d 813."

The rule as stated in *People v. Clark, supra,* has been consistently followed by our courts. See *People v. Williams*, 104 Ill.App.2d 329, 244 N.E.2d 347; *People v. Hall*, 38 Ill.2d 308, 231 N.E.2d 416; *People v. Cole,* 30 Ill.2d 375, 196 N.E.2d 691.

■■ Here in the instant case even if we assume defendant only stood in the background while the attack was taking place or if he engaged in a fight with Wheeler not for the purpose of committing robbery but because of an argument which had previously occurred in the tavern, it was nevertheless the function of the jury to determine the credibility of witnesses and to resolve conflicts in their testimony. The jury could justifiably find more than mere presence, negative acquiescence, or wrathful indignation resulting in a fight on the part of the defendant. In our opinion it is not a difficult choice to conclude that the assault on Wheeler was pursuant to a plan to rob him, rather than a mere spontaneous fight resulting from alleged obnoxious conduct. The manner in which Wheeler was waylaid and pulled into the shadows of an alley and the dispatch with which the victim's wallet and wristwatch found their way into the defendant's possession makes it extremely difficult to reach any other conclusion. The defendant's presence in the alley along with his girl friend and other men and the fact that he was found standing over the victim and that he offered some resistance to being searched are all material facts that the jury could consider in arriving at their verdict. From all the facts and circumstances the jury could reasonably find that the defendant knew a robbery was to be committed, that he participated therein and that he was guilty as a principal.

The judgment of the circuit court of Peoria County is affirmed.

Judgment affirmed.

ALLOY, P. J., and DIXON, J., concur.