THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* FRANCISCO HERRERA, Defendant-Appellant.

(Nos. 55880, 55881 cons.;

First District—July 26, 1972.

Richard H. Trais, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Robert C. Samko, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE ADESKO delivered the opinion of the court:

Police officer, Lloyd Peterson, in uniform, was patrolling the area in the 1200 block of 19th Street, Chicago, Illinois, at about 4:45 A.M., of September 20, 1970. He observed four men, including defendant, Francisco Herrera and one Richard Garcia, who appeared to be setting fire to an automobile. The officer ordered them to put up their hands. They ran and were chased down 19th Street to a dead-end gangway. During the chase when the officer was approximately 100 feet behind defendant Herrera, three shots were fired at him by Herrea and Garcia. The officer returned one shot and arrested the four. Officer Peterson testified that he saw Herrera drop a revolver when the officer was about ten feet from him. Three expended and two misfired cartridges were found. Herrera waived trial by jury, was found guilty of the charge of aggravated assault, unlawful use of weapons and failure to register a weapon. He was sentenced to serve one year in the County Jail on each charge, the sentences to run concurrently.

Two of the four men were discharged. Garcia was granted probation for one year with the first 30 days to be served in the House of Correction.

Defendant Herrera raises the following six issues on appeal:

1. The defendant was not proven guilty beyond a reasonable doubt of aggravated assault and unlawful use of weapons.

2. The trial court improperly denied defendant's request for a continuance.

3. The defendant failed to effectively waive his right to a jury trial.

4. The Assistant Public Defender incompetently represented the defendant.

5. The defendant's sentence was excessive.

6. The findings of guilty were improperly made after the hearing in aggravation and mitigation.

■■ Defendant maintains that the failure to introduce the weapon in evidence resulted in the State's failure to prove the defendant guilty beyond a reasonable doubt of the charges as alleged in defendant's first point on appeal. We do not agree. (*People v. Halley*, 131 Ill.App.2d 1070, 268 N.E.2d 449.) Officer Peterson's testimony that he saw the revolver in the defendant's hand, that the defendant fired the weapon at him and that he saw the defendant drop the weapon as the officer approached him was not challenged by the defendant at the trial. This testimony was sufficient to convict the defendant if believed by the trial judge. The defendant admits in his brief that it is the function of the trial court to weigh the evidence, determine the credibility of the witnesses and to make factual determinations. The trial court did this. The officer's testimony was neither improbable or incredulous.

■■ Defendant next maintains that the trial judge abused his discretion by failing to grant defendant's motion for continuance. On the day set for trial the State asked and was granted leave of court to file a new charge of petty theft- receiving against defendant Herrera. The trial judge denied the motion for continuance. The trial court's refusal to grant additional time has in no manner embarrassed or prejudiced defendant's rights. He was not found guilty of this additional charge. The record does not show that the court's refusal to grant the continuance harmed the defendant in the preparation of his defense or prejudiced his rights as to the other charges for the commission of which he was found guilty. The granting of a continuance is a matter resting within the sound judicial discretion of the trial court. *People v. Latimer*, 35 Ill.2d 178, 220 N.E.2d 314; *People v. Strompolis*, 2 Ill.App.3d 289, 276 N.E.2d 464.

■■ Defendant's third issue on appeal is that he failed to effectively waive his right to a jury trial. The defendant was advised by the court as to his right to a jury trial. The record does not indicate that the jury waiver was not knowingly made. The defendant had been before this

same court four months prior to the instant case on an unlawful use of weapons charge. Although he was 18 years of age, he was already exposed to some court experience. (*People v. Sadeghzaden*, 124 Ill.App.2d 375, 260 N.E.2d 447; *People v. Dotson*, 125 Ill.App.2d 384, 260 N.E.2d 400.) We find no error in defendant's claim on this point.

■■ The defendant next contends that his trial counsel did not represent him adequately. Defendant enumerates 12 errors of omission which in defendant's judgment on appeal made his trial attorney's representation of defendant incompetent. Defendant admits in his brief that his trial attorney did not commit positive errors. The basic question before us is not whether counsel representing defendant on appeal would have acted in a different manner, but whether the defendant was so prejudiced that a different outcome would have resulted. *People v. Washington*, 41 Ill.2d 16, 241 N.E.2d 425.

■■ Among the instances of trial defense counsel's alleged incompetency, defendant on appeal points to counsel's failure to make an opening or closing statement. In many cases competent defense counsel omit opening statements. Waiver of closing argument is not an indication of defense counsel's incompetency. It must be remembered that defendant appeared before the court in the instant case shortly after the same defendant was found guilty of an offense similar to the ones charged in the instant case. Defense counsel may well have felt that lengthy cross-examination in a case of this type would hurt the defendant. Counsel's defense of the theft-receiving charge was successful. Counsel did all he could for the defendant during the hearing in aggravation and mitigation. In our judgment defense counsel's representation of defendant does not show that counsel was incompetent.

■■ Defendant's contention that the sentence was excessive is without merit. Defendant Herrera argues that defendant Garcia was also found guilty of aggravated assault but was sentenced to one year probation with the first 30 days to be served in the House of Correction. Defendant Herrera overlooks the fact that Garcia had no previous record of conviction of an offense involving a firearm. The trial court was justified in giving Garcia a lesser sentence. Herrera's sentence is within the limits provided for by the Statute. (*People v. Brendeland*, 10 Ill.2d 469, 140 N.E.2d 708.) We find no abuse of discretion on the part of the trial court and will not disturb the judgment below.

Lastly, defendant claims that the findings of guilty were improperly made in that no specific reference was made to Herrera as to a finding of guilty of aggravated assault until after the hearing. The finding of guilty was properly made and there is no merit to defendant's argument

on this point. There were four defendants, two of whom, John Brabst and Ricardo Hernandez were discharged. The trial court at the close of defendant's case stated:

"Finding of guilty on U U W and related offenses on Herrera. Discharge Mr. Garcia on the gun charges."

We find no error in the finding.

Judgment affirmed.

DIERINGER, P. J., and BURMAN, J., concur.