THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. BRUCE A. BOURKE, Defendant-Appellant.

Fifth District    No. 5—90—0368

Opinion filed January 29, 1992.

RARICK, J., specially concurring.

Daniel M. Kirwan and Janet Gandy Fowler, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Kathryn Dobrinic, State's Attorney, of Hillsboro, and Kenneth L. Kwiatt, of Northfield (Kenneth R. Boyle and Stephen E. Norris, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HOWERTON delivered the opinion of the court:

Defendant was convicted of unlawful possession of a weapon by a felon. He asserts on appeal that his attorney was ineffective for failing to make a timely motion to suppress evidence. We affirm.

Defendant returned home after several hours of drinking. He went into his house, accused his wife of being with another man, beat her with his fists, a CB antenna, and a shotgun, and then went to sleep. His wife, leaving her two children behind, escaped out a window and ran to a neighbor, who took her to the police.

The police notified the sheriff that a woman had been beaten with a shotgun and that two children remained in the home. Armed with

no warrant, the sheriff and some other officers went to the home looking for "a man with a gun and \*\*\* two small children." When they arrived, defendant met them at the door and the sheriff arrested and handcuffed defendant on the porch and then took him inside, where the officers searched for the children and the shotgun. They found the two children and, after a brief search, found the shotgun leaning against the wall behind the bedroom door. Defendant then asked for a shirt and shoes and was allowed to go into the bedroom where the shotgun was found. Later that morning the sheriff's investigator got defendant's wife's consent to conduct a second search of the house, which revealed a box of shotgun shells.

■ After trial had begun defendant moved to suppress the shotgun. The State argued in opposition that a motion to suppress was to be made before trial and, therefore, was untimely. (See Ill. Rev. Stat. 1989, ch. 38, par. 114—12(c) (a motion to suppress is to be made before trial unless the opportunity did not exist or the defendant was not aware of the grounds for making the motion).) Defendant asserted that because the signed consent form did not indicate when consent was given, he believed defendant's wife consented before the first search and, therefore, did not know until after the trial started that there were two searches.

The circuit court, after hearing evidence on the motion, ruled that the motion was untimely. (Ill. Rev. Stat. 1989, ch. 38, par. 114—12(c).) No ruling was rendered on whether the shotgun should have otherwise been suppressed.

■ Defendant asserts that his attorney's failure to move to suppress the shotgun before trial was ineffective assistance of counsel. We disagree. Counsel is constitutionally ineffective when his or her performance is deficient and "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (*Strickland v. Washington* (1984), 466 U.S. 668, 694, 80 L. Ed. 2d 674, 698, 104 S. Ct. 2052, 2068.) We believe that, under these facts, a reasonable attorney, with minimal investigation, would have filed a timely motion to suppress the shotgun before trial, and therefore, we find that counsel's performance was deficient.

We next address whether but for counsel's deficiency the outcome of the trial would have been different, *i.e.*, if counsel would have filed a timely motion, would the court have granted it and, if so, would defendant have been convicted. Here, the police officers, having already arrested defendant and found the two children, went into defendant's bedroom, a place they had no lawful right to be, and

searched for and found the shotgun before defendant asked to go into his bedroom and get dressed. This was an unlawful search, for it was not conducted incident to arrest (*People v. Hansen* (1980), 90 Ill. App. 3d 407, 413 N.E.2d 103), it was not based on exigent circumstances (*People v. Elders* (1978), 63 Ill. App. 3d 554, 380 N.E.2d 10), and the shotgun was not found in plain view. (*People v. Testa* (1984), 125 Ill. App. 3d 1039, 466 N.E.2d 1126.) Therefore, we believe a timely motion would have been granted. Nevertheless, we believe defendant still would have been convicted. Defendant was charged with unlawful possession of a weapon. Defendant's wife testified that defendant brought a shotgun into the house, and that defendant came home one night and beat her with it. Her testimony was uncontradicted and supported by photographs showing the injuries sustained from the beating. It is not necessary for the shotgun to have been admitted into evidence in order to uphold this conviction. (*In re Ephriam* (1978), 60 Ill. App. 3d 848, 377 N.E.2d 49; *People v. Ortiz* (1973), 18 Ill. App. 3d 431, 305 N.E.2d 418; *People v. Herrera* (1972), 6 Ill. App. 3d 898, 287 N.E.2d 87; *People v. Halley* (1971), 131 Ill. App. 2d 1070, 268 N.E.2d 449.) Regardless of whether the shotgun was suppressed, the testimony of defendant's wife was sufficient to convict the defendant. The circuit court is affirmed.

Affirmed.

HARRISON, J., concurs.

JUSTICE RARICK, specially concurring:

I concur with the majority's conclusion that sufficient evidence existed without the shotgun to support defendant's conviction. I believe, however, that the search of defendant's bedroom was not unlawful and therefore the admission of the shotgun into evidence was proper.

First, I believe that the search was proper as a search incident to a lawful arrest. In *Chimel v. California* (1969), 395 U.S. 752, 23 L. Ed. 2d 685, 89 S. Ct. 2034, the Supreme Court held that it is reasonable and proper for officers to search an arrestee's person and the immediate area from which the arrestee might gain possession of a weapon. (395 U.S. at 763, 23 L. Ed. 2d at 694, 89 S. Ct. at 2040.) Although defendant was arrested outside and handcuffed, he was brought back inside the trailer so he could obtain a shirt and shoes. While there, he was free to move about the trailer, albeit with a deputy escorting him, and Sheriff Vazzi testified that the handcuffs did not completely immobilize the defendant. Under the circumstances, a

protective sweep of the premises to locate and seize a weapon police knew to be present was not unreasonable. A protective sweep is cursory in nature, and the scope of such a search is strictly limited to that which is necessary to ensure the safety of the officers or others. (*Maryland v. Buie* (1990), 494 U.S. 325, 327, 108 L. Ed. 2d 276, 281, 110 S. Ct. 1093, 1094.) Reviewing the record, I believe that the initial search which produced the shotgun was a protective sweep which was limited to areas from which defendant could have obtained a weapon, not an exhaustive search.

Second, and more importantly, the presence of the children constituted exigent circumstances justifying a warrantless search. Under the exigent-circumstances exception, police may search a dwelling where the totality of the circumstances known to the officers at the time demonstrates the existence of an emergency necessitating immediate action. In the present case the officers knew there were children present, that at least one weapon was in the dwelling, and that defendant was intoxicated and had already bludgeoned his wife with the shotgun, forcing her to flee for her safety. In response to questioning by the court, Sheriff Vazzi testified that the officer's purpose in entering the dwelling was to ensure the safety of the children. The record also demonstrates that the scope of the search was no greater than that necessitated by the exigency. Given the facts in this case, I believe there existed sufficient exigent circumstances to justify the warrantless search. *United States v. Antwine* (8th Cir. 1989), 873 F.2d 1144, 1147.