(No. 33259.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JAMES E. HUSBAND, Plaintiff in Error.

*Opinion filed December 20, 1954.*

JAMES E. HUSBAND, *pro se.*

LATHAM CASTLE, Attorney General, of Springfield, and PRESTON W. KIMBALL, State's Attorney, of Carthage, (FRED G. LEACH, and GEORGE W. SCHWANER, JR., of counsel,) for the People.

Mr. JUSTICE DAILY delivered the opinion of the court:

This is a writ of error sued out by defendant, James E. Husband, who, after a trial by jury in the circuit court of Hancock County, was convicted of murder and sentenced to the penitentiary for a term of thirty years. Appearing *pro*

*se,* and presenting only the common-law record, he contends here, first, that it was error for the court to appoint special counsel to assist the State's Attorney, and, second, that the court erred in instructing the jury as to matters of law.

In defendant's brief he first assumed the position that the appointment of special counsel was, in fact, the appointment of an assistant State's Attorney and argued that the statutory requirements as to oath and authorization for an assistant were not complied with. However, in view of the People's citation of *People* v. *Strosnider,* 264 Ill. 434, *People* v. *Kingsbury,* 353 Ill. 11, *People* v. *Gray,* 251 Ill. 431, *People* v. *Hartenbower,* 283 Ill. 591, and *Hayner* v. *People,* 213 Ill. 142, all of which establish that the trial court is vested with discretion in permitting special or private counsel to assist a State's Attorney, defendant, in his reply brief, has shifted his argument to one that the court abused its discretion by appointing special counsel in this case. In the *Hayner* and *Gray cases,* it is held that special counsel may be appointed only as fairness and justice require and without oppression of a defendant. The record here reflects that the appointment was unopposed, and there is nothing from which we can determine either its necessity or its effect upon defendant. In the absence of an objection and a preservation of the court's ruling thereon, we must presume that the court acted properly and from necessity, and that the appointment did not operate to the oppression or prejudice of the defendant. Defendant argues that he was prejudiced because he was then faced with two adversaries instead of one. While we think the contention bears little merit, we observe still another fact of little consequence, that this numerical superiority was offset when the court, at the same time, appointed an attorney to assist defendant's chosen counsel.

Defendant's contention that the court erred in instructing the jury as to matters of law appears to be predicated upon the assumption that the court caused the jury to deter-

mine the law of the case, a delegation of judicial power condemned in *People* v. *Bruner,* 343 Ill. 146. We find nothing in the record which shows that such a duty was entrusted to, or placed upon, the jury. The record shows only that the verdict was returned pursuant to the evidence, the arguments of counsel and the "instructions of the court as to the law." We think that any effort to interpret such language as meaning that the jurors determined the law of the case is wholly specious and completely without foundation. In addition to the foregoing shortcomings of defendant's argument, the instructions complained of are not in the record or abstract before us. We have held many times that error cannot be predicated upon the giving, refusal or modification of instructions unless all the instructions are set forth in the record and made a part of the abstract. *People* v. *Bardell,* 388 Ill. 482; *People* v. *Skeoch,* 408 Ill. 276; *People* v. *Rogers,* 413 Ill. 554.

Finding no merit in the assignment of errors by defendant, we affirm the judgment of the circuit court of Hancock County.

*Judgment affirmed.*