*In re* HERMAN FLEMING, a Minor.—(THE PEOPLE OF THE STATE. OF ILLINOIS, Petitioner-Appellee, *v.* HERMAN FLEMING, Respondent-Appellant.)

First District (3rd Division)   No. 61745

Opinion filed April 1, 1976.

James J. Doherty, Public Defender, of Chicago (Dennis E. Urban and Donald S. Honchell, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Michael E. Shabat, and Bertina E. Lampkin, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DEMPSEY delivered the opinion of the court:

Herman Fleming, a minor, was adjudicated a delinquent and was placed on probation for one year. Before the year expired he was charged with robbery and was tried for violating the terms of his probation. The trial court found him guilty, held that he was beyond the control and discipline of his parents and guardian, and ordered him committed to the Department of Corrections. He appeals from this determination, contending that the State failed to produce clear and convincing evidence to support the trial court's finding.

James Owens, an employee of a laundromat located on South Halsted Street, Chicago, testified that Fleming and two or three other youths, entered the laundromat about 4 p.m. on a Friday afternoon in December 1974. They were drinking and Owens told them that this was not allowed on the premises. They left but returned soon thereafter and stayed—"cursing and raising cain"—until 7 p.m. They again left, but returned once more. It was closing time and Owens went into a back room to get his overcoat. As he was putting on his coat, one of the group grabbed him from behind and the others struck him with their fists. One of them went through his pockets and took around $8 in change. Owens could not identify this individual because he was knocked unconscious and left lying on the floor.

Police came to the scene and Owens, after regaining his senses, gave them a description of his assailants.

Additional police officers, in answer to a robbery-in-progress call, were driving to the laundromat when they encountered four youths a block away. Just at this time they received a second broadcast which detailed Owens' description of the robbers. They detained the youths until their fellow-officers arrived with Owens. Owens immediately identified Fleming and his companions and repeated the identifications at the police station.

At the revocation hearing, Fleming and a Herchel Thomas testified that they and a third boy went to the laundromat to pick up clothes for Thomas' cousin. After some time had passed they were joined by Jimmy Johnson, who had a bottle of whiskey in his possession. Owens told Johnson that drinking was not permitted in the laundromat and Johnson left. Thomas testified that Johnson returned and started throwing things at Owens. Owens said he was going to lock up and asked Johnson to leave. Johnson refused, but then went outside, made a snowball and hit Owens in the mouth with it. A fight ensued between Owens and Johnson which Fleming and Thomas attempted to break up.

Fleming denied taking any money from Owens. He said he and Thomas left the laundromat around 8 p.m. and Johnson followed close behind. They were arrested by the police about block from the laundromat.

A person on probation violates the conditions of his probation when he violates any criminal statute of any jurisdiction. (Ill. Rev. Stat. 1973, ch. 38, par. 1005—6—3(a)(1).) A violation may be proven by a preponderance of the evidence. (Ill. Rev. Stat. 1973, ch. 38, par. 1005—6—4(c).) Since Fleming was charged with robbery, it was incumbent upon the State, in order to establish that he violated the conditions of his probation, to prove by a preponderance of the evidence that he took "property from the person or presence of another by the use of force or by threatening the imminent use of force." Ill. Rev. Stat. 1973, ch. 38, par. 18—1(a).

Fleming contends that the State failed to sustain this burden because Owens' testimony was vague, inconsistent and uncorroborated. In support of this contention he asserts that the following weaknesses were present in the State's proof: (1) Owens was not positive about the amount of money that was taken from him; (2) he could not identify the person who went through his pockets while he was being beaten, and (3) he was not certain how many persons were involved in the attack. He points out that Owens first testified that he had $8 on his person prior to the attack; then he said that he had $5 in his pockets, and that he finally stated that he did not know the exact amount of money that he had in his possession.

■■ The State does not have to establish the exact amount of money that was taken in order to establish the crime of robbery; it only has to prove that some money was taken forcibly. Owens was certain that money was taken from him although he was doubtful about the amount. The fact that one of his duties was to make change for customers of the coin-operated laundromat is a rational explanation why he did not remember the precise sum he had in his pockets prior to the attack.

■■ Even though Owens was unable to identify the particular individual who took his money, he testified that Fleming was one of those

who attacked him during the robbery. If individuals work in concert to perpetrate a robbery, it is immaterial which one actually takes the property, because each one is equally guilty of the crime. (*People v. Gant* (1974), 18 Ill. App. 3d 61, 309 N.E.2d 265.) One of the youths held Owens from behind while the others beat him. Under these circumstances it is perfectly understandable why Owens was not able to identify the one who reached into his pocket while the pummeling was taking place. The youths worked as a team and each one was accountable for the acts of the others.

■■■ Owens testified that he was robbed by three youths, but he gave the police a description of four. This inconsistency is cited as an additional reason why his testimony is not to be believed. However, the police arrested four persons based on his descriptions and he identified the four as the ones who robbed him. Furthermore, Herchel Thomas, the respondent's witness, testified that there were four people in the group at the laundromat. The apparent inconsistency in Owens' testimony is immaterial.

The State proved by a preponderance of the evidence that Herman Fleming was guilty of robbery and we affirm the trial court's decision revoking his probation.

Affirmed.

McNAMARA and McGLOON, JJ., concur.