THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOE EXXON, Defendant-Appellant.

First District (5th Division)   No. 62766

Opinion filed August 27, 1976.

James J. Doherty, Public Defender, of Chicago (James E. Burke and Thomas F. Finegan, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Mary Ellen Dienes, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE BARRETT delivered the opinion of the court:

Following a bench trial, defendant, Joe Exxon, was convicted of tampering with a 1964 Buick automobile belonging to Alberta Anderson and a 1963 Chevrolet automobile belonging to Washington Garmon. (Ill. Rev. Stat. 1975, ch. 95½, par. 4—102(b).) He was sentenced to 45 days in the House of Correction. On appeal, defendant contends that (1) the State did not prove that the vehicles he allegedly "tampered" with were the same vehicles described in the complaints, because proof of ownership was insufficient; (2) Mr. Garmon was not a competent witness; (3) there was a fatal variance between the name of Washington Garmon as alleged in the complaint and as proved by the evidence; (4) the State did not prove he "tampered" with either vehicle; and (5) section 4—102(b) of the Motor Vehicle Code, upon which his convictions were based, is unconstitutionally vague.

Chicago Police Officer Robert Suess testified that at approximately 6 p.m. on Sunday, June 22, 1975, he observed defendant and another man bending under the engine hood of a 1963 Chevrolet. He could not see what they were doing with their hands. He observed that the air cleaner had been removed from the Chevrolet and was on the right front fender. Defendant walked away from the Chevrolet to a 1964 Buick parked nearby, opened the hood of the Buick and leaned over into the engine compartment. Defendant then walked back to the 1963 Chevrolet. As the officer approached, both men ran and the officer apprehended defendant

in the front hallway of a building at 1633 West Madison Street. Upon inspecting the vehicles, he observed a padlock attached to a broken length of chain on the battery of the Chevrolet. A pocketknife and a screwdriver were also found under the hood of this vehicle.

Washington Garmon testified that he lived at 1633 West Madison and on the day in question, at 12 p.m., his automobile was "at the house." He described his car as a four-door, brown, Bel Air, 1963 Chevrolet. He said the lock and chain recovered from the Chevrolet by Officer Seuss belonged to him and that these items were used to prevent his battery from being stolen by apparently securing the engine hood. On cross-examination he testified he was 71 years old. The court overruled an objection to strike Mr. Garmon's testimony on the ground that he did not have the ability to understand questions and narrate answers.

Alberta Anderson testified that she lives at 1633 West Madison Street. She left her 1964 off-white Buick, with its hood down, in a back lot on Paulina and Madison Street, on Saturday, June 21, 1975. She next saw her car Sunday evening following a conversation with a police officer. She went down into the lot and saw her car with the hood up and the side vent window "pushed all the way around." The defendant did not offer any witness.

Opinion

■■ Defendant contends the State did not properly identify the vehicles and did not prove lack of authority or ownership of the vehicles. In *People v. Acevedo* (1972), 5 Ill. App. 3d 968, 284 N.E.2d 488, cited by defendant, the arresting officer did not identify the vehicle other than as "a car with no light" and the court held the evidence did not prove the vehicle defendant entered was the same vehicle described in the complaint as the property of the complainant. In this case, the police officer identified the vehicles he saw at 1633 West Madison, as a 1964 Buick and a 1963 Chevrolet. The hoods of both vehicles were up. When Alberta Anderson identified the vehicle in that lot at 1633 West Madison Street shortly thereafter, the hood of her car was raised. The fact that the complaint described the 1964 Buick as "beige" and Alberta Anderson described it as "off-white," if it is an inconsistency, is not a significant one. Washington Garmon testified he had left his 1963 Chevrolet in the lot at 1633 West Madison Street about six hours prior to defendant's arrest. We believe that the evidence here was sufficient to establish that the vehicles described in the complaints belonged to Alberta Anderson and Washington Garmon.

■■ Next defendant contends Mr. Garmon was not a competent witness. While the report of proceedings shows Mr. Garmon had some difficulty in hearing, his testimony identifying his vehicle and describing

how he used the lock and chain to secure the hood of his automobile was clear and convincing. The auditory problem of this witness should only be examined in conjunction with the weight to be given to his testimony. (*People v. Dixon* (1961), 22 Ill. 2d 513, 516, 177 N.E.2d 224, *cert. denied,* 368 U.S. 1003, 7 L. Ed. 2d 542, 82 S. Ct. 637.) The record does not demonstrate that the trial court erred in finding this witness competent to testify.

■■ Defendant argues that the discrepancy between the complainant's name in the body of the complaint (Garmon Washington), the signature on the complaint (Washington Garmon), and the name appearing in the transcript (Washington Garner), requires reversal. Whatever the proper spelling of Mr. Garmon's name, the evidence leaves no doubt that the witness whose name is recorded as "Garner" in the report of proceedings is the same person who owned the 1963 Chevrolet involved in this case. The issue was the identity of the vehicle, not the identity of the complainant. Such a variance does not require reversal unless substantial injury was done to the accused. (*People v. Nesbitt* (1961), 21 Ill. 2d 487, 488-89, 173 N.E.2d 447.) Defendant has not shown the manner in which he was prejudiced by this variance, and counsel did not question the variation at trial. Thus, we conclude that defendant's present contention forms no basis for reversal of his conviction.

■■ ■ Defendant's remaining two contentions are interrelated. He urges that the evidence was insufficient to show he "tampered" with either vehicle and that the term "tamper" as used in section 4—102(b) of the Motor Vehicle Code (Ill. Rev. Stat. 1975, ch. 95½, par. 4—102(b)), is unconstitutionally vague. That section provides that it is a misdemeanor violation for "A person, without authority to do so, to tamper with a vehicle or go in it, on it, or work or attempt to work any of its parts or components, or set or attempt to set it in motion." Although defendant raised the issue of the vagueness of the statute in an oral motion for a new trial, the State contends the trial court's response was a direction to counsel to prepare a written motion and the court did not in fact rule on the issue. Nevertheless, we may consider the issue as possibly posing an issue of "plain error" under Supreme Court Rule 615 (Ill. Rev. Stat. 1973, ch. 110A, par. 615), because, if the statute is unconstitutional, it would be void, and defendant would have been convicted of a charge which failed to state an offense. *People v. Graves* (1974), 23 Ill. App. 3d 762, 764-66, 320 N.E.2d 95.

In *State v. Hale* (Mo. 1971), 463 S.W.2d 869, 872, the Missouri Supreme Court in rejecting a contention that the term "tampering" was so vague as to deny due process approved a definition of "tampering" as any sort of improper interference with a motor vehicle and quoted from an annotation in 42 A.L.R. 2d 624 (1955): " ' [A]cts done to, in, or on the

motor vehicle, such, for example, as taking parts therefrom, or articles in or on the car, trespassing therein, damaging it, etc.' have been considered as tampering." In *People v. Figueroa* (1975), 30 Ill. App. 3d 656, 333 N.E.2d 586 (abstract opinion), evidence that defendant was one of three men working under the hood of an automobile and that the men dropped various parts of the automobile they had in their hands when the police arrived was held sufficient proof of tampering. Due process requires only "that a person of ordinary intelligence be given a reasonable opportunity to know what is prohibited." (*Schiller Park Colonial Inn v. Berz, Inc.* (1976), 63 Ill. 2d 499, 513, 349 N.E.2d 61.) Many decided cases applying the term "tampering" have given the term meaning and defendant has cited no authority where such term has been held unconstitutional. (*State v. Hale* (Mo. 1971), 463 S.W.2d 869, 872.) We find the statute to be constitutional and hold that the unauthorized raising of the hood of an automobile is within the purview of the word "tamper."

In this case, the evidence makes plain what defendant and his companion were trying to do. A pocketknife and a screwdriver were found on the battery under the hood of the Chevrolet along with a broken chain and the padlock used to secure the hood of the Chevrolet. The air cleaner of the Chevrolet had been removed and was on the right front fender. The evidence shows that defendant or his companion or both were using the tools to remove parts of the Chevrolet motor vehicle, and that they had broken the chain on the Chevrolet to open its hood in order to facilitate their activity. Moreover, the evidence amply demonstrates that defendant opened the hood of the 1964 Buick and leaned over into its engine compartment. A reasonable inference can be drawn that it was the intention of defendant and his companion to remove some part or parts from the Buick engine or other operation equipment under the hood. There was also evidence that the vent window of the 1964 Buick was pushed in. The evidence was sufficient to prove beyond a reasonable doubt that defendant "tampered" with the 1964 Buick and the 1963 Chevrolet.

In view of the foregoing, the conviction and sentence of the trial court is affirmed.

Affirmed.

LORENZ, P. J., and DRUCKER, J., concur.