*In re* DONZELL EPHRIAM, a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* DONZELL EPHRIAM, a/k/a Ephriam Donzell, Respondent-Appellant.)

First District (2nd Division)   No. 77-401

Opinion filed May 9, 1978.—Rehearing denied June 15, 1978.

James J. Doherty, Public Defender, of Chicago (Barry Lewis and Frances Sowa, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Alan D. Lyons, Lee T. Hettinger, and Myra J. Brown, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DOWNING delivered the opinion of the court:

On August 22, 1974, Donzell Ephriam (respondent) was placed on three years juvenile probation; and on September 4, 1975, he was found in violation of that probation. Responent's probation was revoked when the court found he had committed the offense of unlawful possession of firearms. (Ill. Rev. Stat. 1973, ch. 38, par. 24—3.1(a)(1).) On review respondent appeals from the court's revocation of his probation and from his subsequent commitment to the Department of Corrections. He contends that (1) the evidence was insufficient to prove his guilt; (2) the statute in question is unconstitutional; and (3) the lower court lacked jurisdiction to enter a dispositional order because the court failed to make an adjudication of wardship.

A verified petition for adjudication of wardship was filed on July 30, 1974, alleging that respondent had committed armed robbery. The petition alleged that respondent was born on February 17, 1960. On August 8, 1974, he was found to be a delinquent. On August 22, 1974, he was placed on probation for three years. Thereafter, on July 24, 1975, a petition for supplemental relief was filed, which alleged that respondent had violated the terms and conditions of his probation by the commission of the offense of unlawful possession of firearms. It also alleged that respondent was then 15 years of age. On September 4, 1975, a hearing was held on the allegations of the petition for supplemental relief.

Prior to calling witnesses, the court stated that the matter involved a supplemental petition which alleged, "that on or about June 5th of this year, unlawful possession of a firearm 45 Caliber Automatic Pistol, and respondent being 15 years of age." Samuel Ransom, Jr., was then called by the State and testified that on June 5, 1975, he was a security office for the Chicago Housing Authority. As Ransom was leaving his office to begin patrol, he observed, from a distance of 20 feet, respondent and another young man. Respondent was holding a gun which Ransom identified as a

.45-caliber automatic. Ransom said that he knew what kind of gun it was because he had been assigned one when he was in Vietnam.

When Ransom's partner yelled, "Halt," the two security officers began to chase the unidentified young man, but stopped when he ran into a nearby building. Respondent went into another building with the gun still in the waistband of his pants. In the interim, Ransom called the Chicago police. Ransom and the police officers then chased respondent into the building and caught him on the second floor. At this time, respondent had no gun. Respondent was then arrested. Although the police officers searched several apartments, no gun was ever recovered.

On cross-examination, Ransom testified that although he paid little attention to the size of the gun's handle or barrel, he was certain it was a .45. When Ransom later observed the weapon in the waistband of respondent's pants, respondent was approximately 40 to 45 feet away. Once the State rested its case, the defense moved for dismissal on the ground that the prosecution had failed to introduce any evidence establishing that respondent was under 18 years of age. The defense contended that such proof of age was an essential element which the State had to prove pursuant to the unlawful possession of firearms charge. In denying the motion, the court commented that at the time of the arraignment and at the commencement of trial, the court had asked the respondent his age.

In his own defense respondent testified that on the day in question he had a conversation with several individuals. One of them hit him in the jaw. As respondent ran away, he picked up a pipe which was actually part of a chair with a curved top. All of this occurred near the office of the building. When he heard the police coming, respondent ran into a building where he dropped the pipe. Respondent explained that the pipe or chair was about 13 or 14 inches long with a curve of about 12 inches. Lastly, respondent denied that Ransom had seen him more than once that day.

In finding that respondent had violated the terms of his probation, the court specifically commented that it had listened to the testimony on both sides and had observed the demeanor of both witnesses. Respondent was thereafter committed to the Department of Corrections. This appeal followed.

I.

A.

■■ Respondent initially contends that the evidence was insufficient to prove his guilt because the State failed to prove that the object

respondent held was a firearm. We disagree. The security officer Ransom identified the object not only as a firearm, but as a specific type of firearm: a .45-caliber automatic pistol. Although respondent argues that Ransom identified only a gun barrel and not other particular characteristics of a gun, the record clearly reflects that the witness identified the object as a .45. Ransom's testimony indicated his familiarity with the type of weapon from past military experience and his knowledge of the particular weapon in question from the two occasions he had to view it. The issue turns on credibility; and the uncorroborated testimony of one credible witness can be sufficient to sustain a conviction even when contradicted by the accused (*In re Winslow* (1st Dist. 1977), 46 Ill. App. 3d 962, 967, 361 N.E.2d 622). While no firearm was recovered here, we note that similar convictions have been upheld where the firearm was not introduced into evidence. (See *People v. Ortiz* (1st Dist. 1973), 18 Ill. App. 3d 431, 305 N.E.2d 418; *People v. Herrera* (1st Dist. 1972), 6 Ill. App. 3d 898, 287 N.E.2d 87; *People v. Halley* (5th Dist. 1971), 131 Ill. App. 2d 1070, 268 N.E.2d 449.) The absence of a weapon actually introduced into evidence was merely an additional factor for the trial court to weigh.

■■ In finding a violation of probation, the court made it clear that it had listened to all testimony and observed the demeanor of both Ransom and respondent. Under these circumstances we will not disturb the court's finding. A finding of violation of probation will not be disturbed unless the testimony is contrary to the manifest weight of the evidence and not where the evidence is merely conflicting. *People v. Crowell* (1973), 53 Ill. 2d 447, 451-52, 292 N.E.2d 721.

## B.

Respondent also contends that the evidence was insufficient to prove his guilt because he was not proved to be under 18 years of age as required by the statute. In pertinent part, the statute provides:

"(a) A person commits the offense of unlawful possession of firearms or firearm ammunition when:

(1) He is under 18 years of age and has in his possession any firearm of a size which may be concealed upon the person." (Ill. Rev. Stat. 1973, ch. 38, par. 24—3.1(a)(1).)

Respondent's contention that his age was not properly established is refuted by the supplemental record filed in this cause. Following the finding of respondent's delinquency in the prior proceeding, the court by the Honorable Aubrey Kaplan, inquired of respondent's age. At that time, on August 22, 1974, respondent stated that he was 14 years of age. The record, therefore, shows that he was then 14 years of age and respondent never appealed from the finding of delinquency and his placement on

probation. When the State filed a supplemental petition a year later, respondent was charged with violating the terms of his probation; and the State had the burden of proving the violation by the preponderance of the evidence (Ill. Rev. Stat. 1973, ch. 38, par. 1005—6—4(c)[1]; *In re Daniels* (1st Dist. 1976), 37 Ill. App. 3d 975, 978, 347 N.E.2d 479; *In re Fleming* (1st Dist. 1976), 37 Ill. App. 3d 785, 787, 347 N.E.2d 193).

■■ ■ At the completion of the State's case in the cause before us, respondent's counsel made an oral motion to dismiss the petition because the State had failed to establish that respondent was under the age of 18. The State argued that the court should take judicial notice of the fact that respondent was before the court on a supplemental petition, and that he was currently on juvenile probation. Judge Walsh said:

"At the time of the arraignment, the Court because it is a judicial question, the Court asked the minor respondent his age as he stood before the Court. The court finds no quarrel with your argument. It's a pro-positional [*sic*] law, Mr. Spector, because it is a question of substance and not form. It's a necessary and [*sic*] part of the petition; that the respondent in this particular incident or any other that are in this court be a minor and the petition itself does set out verbal [*sic*] that the youth is 15 years of age. I think this is buttressed by the Court's question at the time of the arraignment, and at the time of the commencement of the trial this morning to determine whether or not the Court had jurisdiction, and I think the response of the minor respondent was sufficient to have that question raised at the outset. Your motion will be denied."

We must keep in mind that Judge Walsh had before him in September 1975, a person placed on probation in August 1974. It is obvious that file was before the court. The comments by the court clearly suggest the court was aware of the court record from which he could conclude the respondent was under 18 years of age.

Although the record as a whole does not contain transcripts reflecting the court's question at the time of arraignment and at the time of the trial's commencement, we must presume that the court acted properly (*cf. People v. Jones* (1965), 33 Ill. 2d 357, 363, 211 N.E.2d 261; *People v. Husband* (1954), 4 Ill. 2d 451, 452, 123 N.E.2d 315). As we presume the court acted properly, Judge Walsh could take judicial notice of what had occurred earlier in the proceedings. *People v. Davis* (1976), 65 Ill. 2d 157, 357 N.E.2d 792, is an analogous case. In *Davis*, the defendant had pleaded guilty to a theft charge and was released on probation. Thereafter a petition to revoke the defendant's probation was filed and a hearing was held before the same judge who had accepted the defendant's earlier

---

[1] For juvenile cases see Ill. Rev. Stat. 1973, ch. 37, par. 705—3(5).

guilty plea. Our supreme court held that the court could take judicial notice of the defendant's prior conviction:

> "In our judgment, the extension of the doctrine of judicial notice to include facts which, while not generally known, are readily verifiable from sources of indisputable accuracy is an important aid in the efficient disposition of litigation, and its use, where appropriate, is to be commended." (65 Ill. 2d 157, 165.)

Thus, the court in the case at bar could take judicial notice of respondent's age and could properly find that the State had proved by the preponderance of the evidence that respondent committed the offense of unlawful possession of firearms when he was 15 years of age.

## C.

■ In support of his contention that the evidence was insufficient to prove his guilt, respondent further contends that the State failed to prove that he was under 17 years of age as required for proceedings held pursuant to the Juvenile Court Act. (Ill. Rev. Stat. 1973, ch. 37, par. 702—2.) Just as we are convinced that respondent's age was determined to be under 18 as required by the offense charged, we are likewise convinced that his age was determined to be under 17 as required by the Juvenile Court Act. In the recent case of *In re Brown* (1978), 71 Ill. 2d 151, 374 N.E.2d 209, our supreme court again asserted the position it had taken in the *Davis* case as to the doctrine of judicial notice. We find the following comments to be particularly instructive:

> "The appellate court held that the trial judge could not find Brown delinquent under the Juvenile Court Act because there was insufficient proof to sustain a finding that Brown was under 17 at the time of the offense. We disagree as to the sufficiency of the proof. As noted earlier, on the trial date the court first heard a motion to suppress. In support of this motion Brown testified that he was 15 years old. Immediately following the court's denial of the motion, the same judge proceeded with the adjudicatory hearing.
>
> Other than a *pro forma* blanket denial of the allegations of the delinquency petition contained in the answer thereto, it is not disputed that Ronald Brown was 15 years of age at the time of the hearing. The petition alleged his birth date was April 3, 1959, which would have made him 15 years old at the time of the February 1975 hearing. He, himself, testified in the same case, on the same day before the same judge, that he was 15 years old. The contention that because the proof of age occurred at a different stage of the proceedings, only minutes or at most an hour or two earlier, the judge who heard that testimony cannot consider it in

deciding the case is, in our opinion, without merit. Clearly, a court may and should take judicial notice of other proceedings in the same case which is before it and the facts established therein. *People v. Davis* (1976), 65 Ill. 2d 157, 161; *City of East St. Louis v. Touchette* (1958), 14 Ill. 2d 243, 249; *State Farm Mutual Automobile Insurance Co. v. Grebner* (1971), 132 Ill. App. 2d 234, 237; *Nogle v. Nogle* (1964), 53 Ill. App. 2d 457, 459." (71 Ill. 2d 151, 155.)

Similarly in the instant case, respondent's age had been established; he was under 17 years of age as required by the Juvenile Court Act.

■■ For all of these reasons, we hold that the State proved by the preponderance of the evidence that respondent violated the terms and conditions of his probation by committing the offense of unlawful possession of firearms.

## II.

■■ Respondent further claims that the unlawful possession of firearms statute is unconstitutional because the statute does not provide an ascertainable standard of conduct and, therefore, does not meet due process requirements. In addition he argues that the statute is unconstitutional because it relinquishes the legislative duty to proscribe action to the judicial finder of fact. The issue of the statute's constitutionality has been waived, however, because respondent never raised it in the trial court. (*People v. Pickett* (1973), 54 Ill. 2d 280, 282, 296 N.E.2d 856; see also *People v. Curry* (1973), 56 Ill. 2d 162, 170, 306 N.E.2d 292.) Yet we will consider the issue as possibly posing an issue of "plain error" under Supreme Court Rule 615 (Ill. Rev. Stat. 1973, ch. 110A, par. 615), because if the statute is unconstitutional, it would be void and respondent would have had his probation revoked pursuant to his commission of acts not held to be an offense. *People v. Exxon* (1st Dist. 1976), 41 Ill. App. 3d 599, 602, 354 N.E.2d 581.

■■ Although respondent contends the statute is unconstitutional as it is void for vagueness in that it fails to give adequate or fair notice of what conduct is proscribed (*Grayned v. City of Rockford* (1972), 408 U.S. 104, 108, 33 L. Ed. 2d 222, 92 S. Ct. 2294; *People v. Schwartz* (1976), 64 Ill. 2d 275, 280, 356 N.E.2d 8), we cannot agree. He posits that since the statute bars possession of a firearm of a "size which may be concealed upon the person," it is impossible to determine in advance the objectionable size. We disagree. When the statute is given a reasonable and common sense construction, the general conduct proscribed is quite clear even though the circumstances under which a person might be convicted are peculiar to the facts of each case. (*People v. Williams* (1st Dist. 1973), 15 Ill. App. 3d 823, 825, 305 N.E.2d 186.) Moreover, we note the number of sound

purposes for the regulation of concealed firearms. *Biffer v. City of Chicago* (1917), 278 Ill. 562, 116 N.E. 182; see also *Brown v. City of Chicago* (1969), 42 Ill. 2d 501, 250 N.E.2d 129.

■■ Nor are we persuaded that the judicial finder of fact is permitted to usurp the legislative duty to proscribe action. The legislature through the unlawful possession of firearms statute, has set forth what actions constitute an offense. Thus, the fact finder is not at liberty to determine what the law shall be, but rather if the firearm in question is "of a size which may be concealed upon the person." Such determination is peculiarly within the province of the finder of fact when confronted with a specific fact situation. We conclude, therefore, that the statute in question is constitutional and does not exceed due process limitations.

### III.

■■ Lastly, respondent contends that the trial court lacked jurisdiction to enter a dispositional order because it failed to adjudge him a ward of the court, as required by section 4—8(2) of the Juvenile Court Act (Ill. Rev. Stat. 1973, ch. 37, par. 704—8(2)). In the recent case of *In re Jennings* (1977), 68 Ill. 2d 125, 133, 368 N.E.2d 864, the supreme court held that while jurisdiction must be found, "[i]t does not require that the order and proceedings be ritualized to the extent that language other than the words 'ward of the court' which describes the same status may not be used." The dispositional order committing respondent to the Department of Corrections has already been examined in light of *Jennings* and determined to have effectively adjudicated the status of other respondents as wards of the court. See *In re Troutman* (1st Dist. 1978), 57 Ill. App. 3d 58, 372 N.E.2d 1062; *In re Wright* (1st Dist. 1977), 55 Ill. App. 3d 352, 371 N.E.2d 28.

Consistent with all of the foregoing, we accordingly affirm the revocation of respondent's probation and his commitment to the Department of Corrections.

Affirmed.

STAMOS, P. J., and PERLIN, J., concur.