# Illinois Official Reports

## Appellate Court

---

### *In re Gabriel W.*, 2017 IL App (1st) 172120

---

| | |
|---|---|
| Appellate Court Caption | *In re* GABRIEL W., a Minor (The People of the State of Illinois, Petitioner-Appellee, v. Gabriel W., Respondent-Appellant). |
| District & No. | First District, Fourth Division<br>Docket No. 1-17-2120 |
| Filed | December 28, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 16-JD-02525; the Hon. Patricia Mendoza, Judge, presiding. |
| Judgment | Affirmed in part; vacated in part. Sentencing order modified. |
| Counsel on Appeal | Michael J. Pelletier, Patricia Mysza, and Jessica D. Ware, of State Appellate Defender's Office, of Chicago, for appellant.<br><br>Kimberly M. Foxx, State's Attorney, of Chicago (Alan J. Spellberg, Douglas P. Harvath, and Gina DiVito, Assistant State's Attorneys, of counsel), for the People. |
| Panel | JUSTICE GORDON delivered the judgment of the court, with opinion.<br>Presiding Justice Burke and Justice Ellis concurred in the judgment and opinion. |

**OPINION**

¶ 1 After being arrested in possession of one firearm, the minor respondent, Gabriel W., age 15, was charged by the State on November 11, 2016, in a three-count petition for wardship, which alleged two counts of aggravated unlawful use of a weapon (AUUW) and one count of unlawful possession of a firearm (UPF). The two AUUW counts alleged that he lacked a Firearm Owner's Identification (FOID) card (count I) and that he was under age 21 (count II). The UPF count alleged that he was under age 18 (count III). After a bench trial, the trial court found respondent guilty of all three counts but merged counts II and III into count I, the FOID-card count.[1] The court adjudged respondent to be a ward of the court and sentenced him to 18 months of probation, as well as to a 30-day commitment to the Illinois Department of Juvenile Justice, which was stayed so long as respondent did not violate any of his probation terms.

¶ 2 On this appeal, respondent claims (1) that his adjudication for AUUW based on the lack of a FOID card must be vacated because the State failed to prove he lacked a FOID card and (2) that his adjudications for AUUW and UPF based on his age must be vacated because the State failed to prove his age.[2]

¶ 3 The State concedes that, while its evidence established that respondent did not present a FOID card to the arresting officers, the State failed to offer any evidence that respondent actually lacked a FOID card. This court has previously held that the simple absence of the presentation of a FOID card is insufficient to prove that a respondent actually lacked a FOID card. *In re Manuel M.*, 2017 IL App (1st) 162381, ¶ 15. Thus, we vacate the finding of guilt on this count.

¶ 4 With respect to the other two counts, respondent argues that the State failed to prove his age at the bench trial, although respondent (1) stated his birth date at the arraignment and stipulated to juvenile jurisdiction in this case, (2) testified at the pretrial suppression hearing that he was 15 years old, and (3) did not object at the bench trial when the arresting officer testified that respondent was 15 years old. Our supreme court has previously held that, in a juvenile adjudication, a trial judge in a bench trial does not have to disregard testimony about age that occurred during another proceeding in the same case. *E.g.*, *In re Brown*, 71 Ill. 2d 151, 155 (1978) (rejecting "[t]he contention that because the proof of age occurred at a different stage of the proceedings" the trial court cannot consider it); *In re Ephriam*, 60 Ill. App. 3d 848, 854-55 (1978). Thus, we do not find this argument persuasive.

¶ 5 The parties agree that, if we affirm the findings of guilt on the two age-based counts, we must vacate the less serious offense under the one act, one crime rule. Thus, for the reasons explained in more detail below, we vacate the finding of guilt on count I, which was based on

---

[1]The State's appellate brief states that the trial court merged counts III and I into count II, and the brief cites in support the mittimus. But this is not what the mittimus or the trial court stated. The trial court stated "there will be a finding of guilty on all counts, although, obviously, the other counts will merge into the first count."

[2]Respondent does not argue on appeal that the court lacked juvenile jurisdiction because he was, in fact, not a juvenile. Rather respondent argues that the State failed to present sufficient evidence during his bench trial to prove his age.

the lack of a FOID card; we affirm the findings of guilt on counts II and III, the two age-based counts; but we vacate count III, the UPF count, under the one act, one crime rule.

¶ 6 Finally, respondent does not ask us to remand for resentencing. Since the three counts were all based on the possession of the same handgun at the same moment in time and since his sentence was and still is based on an AUUW count and since respondent does not seek a remand for resentencing, we do not order it. He asks us only to correct his sentencing order to reflect that he has 251 days of credit for time served against his 30-day stayed commitment, and the State joins in this request. Thus, we affirm his adjudication for wardship and sentence, with the adjudication based on AUUW grounded on age (count II) rather than lack of a FOID card (count I), but we correct his sentencing order to reflect 251 days of credit for time served against his 30-day stayed commitment.

¶ 7                                                    BACKGROUND

¶ 8 Although respondent challenges the sufficiency of the evidence, he does so only on the limited questions of proof of (1) age and (2) lack of a FOID card. Thus, we describe the facts focusing on these two issues.

¶ 9 On November 10, 2016, respondent was arrested on a street corner in possession of one loaded handgun. Although he challenged the search before the trial court, he does not raise any issue on appeal concerning either the search or his possession of the handgun.

¶ 10 One day later, on November 11, 2016, the State charged him in a petition for adjudication of wardship alleging the three counts, already described above.

¶ 11 At the arraignment, which was also on November 11, 2016, respondent and his mother were present when his counsel stated that respondent "stipulate[d] to juvenile court jurisdiction." The trial court then asked respondent:

"THE COURT: Is your date of birth *** 2001?

RESPONDENT: Yes."

Defense counsel also stipulated to a finding of probable cause.

¶ 12 On December 6, 2016, respondent filed a motion to quash arrest and suppress evidence on the ground that the stop and search lacked reasonable suspicion and/or probable cause. As we observed, respondent does not renew this issue on appeal, so we discuss only the portions of the suppression hearing that relate to the issues before us, namely, respondent's age and lack of a FOID card.

¶ 13 At the suppression hearing on January 18, 2017, respondent testified under oath that he was 15 years old:

"ASSISTANT PUBLIC DEFENDER: How old are you, Gabriel?

RESPONDENT: Fifteen."

After the trial court denied respondent's motion to suppress, the parties proceeded, without a break and on the same day, to the bench trial. The bench trial was held before the same trial judge who had just heard the suppression motion.

¶ 14 With respect to a FOID card, Officer Ghiloni,[3] one of the arresting officers testified as follows:

[3]Officer Ghiloni did not testify to his first name.

- 3 -

"ASSISTANT STATE'S ATTORNEY [(ASA)]: Did the minor present a FOID card to you at any time?

OFFICER GHILONI: No."

¶ 15    Officer Ghiloni's partner, Officer Olson,[4] testified about what occurred after the minor was arrested and transported to the police station. With respect to respondent's age, he testified as follows:

"[ASA]: *** [W]hat did you do when you got to the police station?

OFFICER OLSON: I got the minor's name, date of birth, mother's information—or parent's information, address.

[ASA]: And was this minor under the age of 18?

OFFICER OLSON: Yes.

[ASA]: And just to be clear, the minor that you were processing at the station was the Minor Respondent, Gabriel [W.], in this case; true?

OFFICER OLSON: Yes.

[ASA]: And you testified that he was under the age of 18?

OFFICER OLSON: That's correct.

***

ASA: Now, you testified that the minor was under the age of 18, but do you recall how old the minor was?

OFFICER OLSON: Specifically, no. I don't remember.

[ASA]: Okay. Is there anything that would—is your memory exhausted?

OFFICER OLSON: Yes.

[ASA]: And is there anything that would refresh your memory as to the question I asked you?

OFFICER OLSON: If I saw a copy of the case report, the arrest report that was generated.

***

[ASA]: I'm giving to the witness what I've marked as People's Exhibit No. 1. Can you please look at that and once your recollection is refreshed , please look up. (Short pause.)

[ASA]: And may I have it back. Thank you. Is your recollection refreshed?

OFFICER OLSON: Yes.

[ASA]: And do you recall how old this Minor Respondent was?

OFFICER OLSON: Fifteen years old."

During this prolonged discussion concerning respondent's age, the defense did not object once. The ASA also asked Officer Olson if respondent had presented the officers "at any time" with a FOID card. Officer Olson answered "[n]o."

¶ 16    When the State rested, respondent moved for a directed finding on the sole ground that the State had failed to introduce the inventory report concerning the gun or any testimony about the inventorying of the gun or its chain of custody. After the trial court denied respondent's

_____

[4]Officer Olson did not testify to his first name.

- 4 -

motion, the parties proceeded to closing argument. The State asked the trial court to adopt, as its closing argument, its argument concerning respondent's motion for a directed finding, but it reserved rebuttal argument. The defense, similarly, asked the trial court to adopt its argument concerning the motion as its closing argument. In rebuttal, which the State had reserved, it argued, among other things, that "we've heard testimony that he was under the age of 18" and "[t]hat he did not have a FOID card."

¶ 17    After hearing the evidence at trial and the arguments of counsel, the trial court found, "there will be a finding of guilty on all counts, although, obviously, the other counts will merge into the first count."

¶ 18    On February 16, 2017, respondent filed a motion to reconsider the trial court's denial of his motion to quash arrest and suppress evidence. As noted, this issue is not raised on appeal. The trial court heard further argument and testimony from Officer Ghiloni on this issue and again denied the motion and then, pursuant to respondent's request, proceeded to schedule a sentencing hearing.

¶ 19    On July 19, 2017, at the sentencing hearing, defense counsel stated that respondent was 16 years old. After listening to factors in mitigation and aggravation, the trial court adjudged respondent to be a ward of the court and sentenced him to 18 months of probation, as well as to a 30-day commitment to the Illinois Department of Juvenile Justice, which was stayed so long as respondent did not violate any of his probation terms. Respondent filed a notice of appeal on August 18, 2017, and this appeal followed.

¶ 20                                    ANALYSIS

¶ 21    On this appeal, respondent claims (1) that his adjudication for AUUW based on the lack of a FOID card must be vacated because the State failed to present sufficient evidence at his bench trial that he lacked a FOID card and (2) that his adjudications for AUUW and UPF based on his age must be vacated because the State failed to present sufficient evidence at his bench trial of his age.

¶ 22    For the following reasons, we vacate the finding of guilt on count I, which was based on the lack of a FOID card; we affirm the findings of guilt on counts II and III, the two age-based counts; but we vacate count III, the UPF count, under the one act, one crime rule. Since the three counts were all based on the possession of the same handgun at the same moment in time, and respondent does not ask us to remand for resentencing, we do not order a resentencing. He asks us only to correct his sentencing order to reflect that he has 251 days of credit against his 30-day stayed commitment, and the State joins in this request. Thus we affirm his adjudication for wardship and sentence, with the adjudication based on AUUW grounded on age (count II), rather than lack of a FOID card (count I), but correct his sentencing order to reflect 251 days of credit against his 30-day stayed commitment.

¶ 23                 I. Three Phases of Juvenile Delinquency Proceedings

¶ 24    Before discussing respondent's claims, we set forth the three phases of juvenile delinquency proceedings specified in the Juvenile Court Act of 1987 (Act) (705 ILCS 405/5-101 *et seq.* (West 2016)): "the findings phase, the adjudicatory phase, and the dispositional phase." *In re Samantha V.*, 234 Ill. 2d 359, 365 (2009). "The findings phase consists of a trial and determination of guilt." *In re Samantha V.*, 234 Ill. 2d at 365. "During

this phase, the trial court applies the reasonable doubt standard of proof and the rules of evidence that would be followed in a criminal case to determine whether the minor should be found delinquent." *In re Samantha V.*, 234 Ill. 2d at 365. "In a juvenile delinquency case, a finding of guilt and a finding of delinquency are one and the same." *In re Veronica C.*, 239 Ill. 2d 134, 145 (2010).

¶ 25   "If a delinquency finding is entered, the matter proceeds to sentencing." *In re Samantha V.*, 234 Ill. 2d at 365. "The sentencing proceeding includes the adjudication phase, where the court determines whether it is in the best interests of the minor and the public to make the minor a ward of the court." *In re Samantha V.*, 234 Ill. 2d at 365. "If the minor is made a ward of the court, the matter proceeds to the dispositional phase where the court fashions an appropriate sentence that will best serve the minor and the public." *In re Samantha V.*, 234 Ill. 2d at 365-66.

¶ 26   In the case at bar, the same trial judge conducted all three phases and entered all three findings: a finding of guilt or delinquency; a finding that respondent should be made a ward of the court; and a finding of an appropriate sentence. The same trial judge also heard respondent's motion to suppress and conducted the pretrial suppression hearing.

¶ 27                                    II. Sufficiency of the Evidence

¶ 28   No person, adult or juvenile, may be convicted or adjudicated guilty of a crime " 'except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged.' " *In re Omar F.*, 2017 IL App (1st) 171073, ¶ 36 (quoting *In re Winship*, 397 U.S. 358, 364 (1970)); see also *In re Winship*, 397 U.S. at 368 (the constitutional safeguard of proof beyond a reasonable doubt applies during the adjudicatory stage of juvenile delinquency proceedings). When a minor respondent challenges the sufficiency of the evidence in his or her adjudication, the standard of review is whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found the essential elements of the charge beyond a reasonable doubt. *In re Omar F.*, 2017 IL App (1st) 171073, ¶ 36; *In re Q.P.*, 2015 IL 118569, ¶ 24 ("in delinquency proceedings, as in criminal cases, a reviewing court must decide ' " whether, [after] viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" ' " (quoting *People v. Austin M.*, 2012 IL 111194, ¶ 107, quoting *In re Jonathon C.B.*, 2011 IL 107750, ¶ 47)); *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) ("whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" (emphasis in original)).

¶ 29   When reviewing an adjudication on appeal, a reviewing court may not substitute its judgment for that of the trier of fact, particularly on issues of witness credibility, the weight their testimony deserves, or the reasonable inferences that may be drawn from their testimony or other evidence. This is because it was the trial court that observed and heard the witnesses. *In re Jonathon C.B.*, 2011 IL 107750, ¶ 59.

¶ 30   In addition, "[a] trier of fact is not required to disregard inferences which flow normally from the evidence before it." *In re Jonathon C.B.*, 2011 IL 107750, ¶ 60. The trier of fact also "need not be satisfied beyond a reasonable doubt as to each link in the chain of circumstances." *In re Jonathon C.B.*, 2011 IL 107750, ¶ 60. Rather, the evidence is sufficient if all the evidence

taken together satisfies the trier of fact beyond a reasonable doubt of the minor's guilt. *In re Jonathon C.B.*, 2011 IL 107750, ¶ 60.

¶ 31     When determining the correctness of a trial court's findings in a juvenile case, a reviewing court may affirm on any basis found in the record. See *In re Veronica C.*, 239 Ill. 2d at 151.

¶ 32                                    III. Statutes at Issue

¶ 33     Respondent was charged under the following statutes. Counts I and II charged respondent with violating the AUUW statute, which provides in relevant part:

> "(a) A person commits the offense of aggravated unlawful use of a weapon when he or she knowingly:
>
>                                    ***
>
> (2) Carries or possesses on or about his or her person, upon any public street, alley, or other public lands within the corporate limits of a city, village or incorporated town, except when an invitee thereon or therein, for the purpose of the display of such weapon or the lawful commerce in weapons, or except when on his or her own land or in his or her own abode, legal dwelling, or fixed place of business, or on the land or in the legal dwelling of another person as an invitee with that person's permission, any pistol, revolver, stun gun or taser or other firearm; and
>
> (3) One of the following factors is present:
>
>                                    * * *
>
> (C) the person possessing the firearm has not been issued a currently valid [FOID] Card; or
>
>                                    * * *
>
> (I) the person possessing the weapon was under 21 years of age and in possession of a handgun, unless the person under 21 is engaged in lawful activities under the Wildlife Code or described in subsection 24-2(b)(1), (b)(3), or 24-2(f)."[5]  720 ILCS 5/24-1.6(a) (West 2016).

¶ 34     Count III charged respondent with violating the UPF statute, which provides in relevant part:

> "(a) A person commits the offense of unlawful possession of firearms or firearm ammunition when:
>
> (1) He is under 18 years of age and has in his possession any firearm of a size which may be concealed upon the person[.]" 720 ILCS 5/24-3.1(a)(1) (West 2016).

¶ 35     As noted, the only elements of these offenses that respondent challenges on appeal are the lack of a FOID card and his age.

¶ 36                                    IV. FOID Card

¶ 37     Respondent argues, and the State agrees, that his adjudication for AUUW based on the lack of a FOID card must be vacated because the State failed to prove he lacked a FOID card.

---

[5]Subsections 24-2(b)(1) and 24-2(f) concern practice shooting at target ranges, and subsection 24-2(b)(3) concerns hunting, trapping, and fishing. 720 ILCS 5/24-2(b)(1), (b)(3), (f) (West 2016).

¶ 38    The State concedes that, although it introduced evidence showing that respondent did not present a FOID card to the arresting officers, it failed to offer any evidence that respondent actually lacked a FOID card.

¶ 39    Faced with almost the same facts, this court observed in another case earlier this year:

> "On appeal, the respondent first argues, and the State correctly concedes, that he was not proved delinquent beyond a reasonable doubt of AUUW predicated on not having been issued a valid FOID card. The offense of AUUW contemplates whether an individual has been issued a FOID card and not whether the individual has a FOID card 'in his or her possession.' *People v. Holmes*, 241 Ill. 2d 509, 522 (2011). Here, [the officer's] testimony indicated that the respondent did not present a FOID card following his arrest, but the State presented no evidence that the respondent had not been issued a FOID card. Consequently, we agree with the respondent, accept the State's concession, and reverse the respondent delinquency adjudication and sentence for AUUW predicated on not having been issued a valid FOID card." *In re Manuel M.*, 2017 IL App (1st) 162381, ¶ 15.

¶ 40    Thus, we vacate the finding of guilt on count I, which was the only count based on the lack of a FOID card.

¶ 41                                          V. Age-Based Counts

¶ 42    Respondent also argues that his adjudications for AUUW and UPF based on his age must be vacated because the State failed to prove his age. Respondent argues that the State failed to present sufficient evidence of his age at his bench trial, although respondent testified under oath at a suppression hearing in the same case and before the same trial judge that he was only 15 years old.

¶ 43    Our Illinois Supreme Court ruled on this same exact issue 40 years ago in *Brown* and nothing suggests that the law changed in the intervening years. *Brown*, 71 Ill. 2d at 155.

¶ 44    In *Brown*, as in our case, "a hearing was held on [the respondent's] motion to suppress evidence due to the alleged illegality of his arrest." *Brown*, 71 Ill. 2d at 153. In *Brown*, as in our case, the juvenile respondent testified at the pretrial suppression hearing that he was, in fact, 15 years old. *Brown*, 71 Ill. 2d at 153. In *Brown*, as in our case, after denying the suppression motion, the same trial judge immediately proceeded with the bench trial. *Brown*, 71 Ill. 2d at 153. In *Brown*, as in our case, the respondent argued that there was insufficient proof of his age. *Brown*, 71 Ill. 2d at 155.

¶ 45    Our supreme court stated, "We disagree as to the sufficiency of the proof." *Brown*, 71 Ill. 2d at 155. It explained, "The contention that because the proof of age occurred at a different stage of the proceedings, only minutes or at most an hour or two earlier, the judge who heard that testimony cannot consider it in deciding the case is, in our opinion, without merit. Clearly, a court may and should take judicial notice of other proceedings in the same case which is before it and the facts established therein." *Brown*, 71 Ill. 2d at 155. See also *In re Ephriam*, 60 Ill. App. 3d at 854-55 (discussing and applying *Brown*).

¶ 46    The case at bar is even stronger than *Brown* because in *Brown* the State presented no evidence of age during the bench trial (*Brown*, 71 Ill. 2d at 153-54), whereas in our case the State called an officer who testified that he obtained respondent's age while processing the arrest at the police station and respondent's age was 15 years old.

¶ 47     More recently, in 2015, the appellate court acknowledged the continued vitality of *Brown* but distinguished it on the ground that *Brown* involved sworn testimony, while the case before it did not. *In re S.M.*, 2015 IL App (3d) 140687, ¶¶ 15-16. Similar to *Brown*, our case involves respondent's sworn testimony.

¶ 48     In addition, respondent stipulated to juvenile jurisdiction and stated his age at his arraignment. Article V of the Act provides, in relevant part, that "[p]roceedings may be instituted under the provisions of this Article concerning any minor who prior to his or her 18th birthday has violated or attempted to violate *** any *** law or ordinance." 705 ILCS 405/5-120 (West 2016). Thus, by stipulating to juvenile jurisdiction, respondent was stipulating to the fact that he was under 18 years old on the day of the alleged offense. See also *In re Ephriam*, 60 Ill. App. 3d at 853-55 (rejecting the argument that the State failed to prove a juvenile respondent's age, where the trial court had asked his age at his arraignment and the respondent answered that he was 15); *In re S.M.*, 2015 IL App (3d) 140687, ¶ 28 (discussing the continuing vitality of *In re Ephriam*).

¶ 49     While "procedural silence with respect to the allegations contained in a charging instrument *** cannot be construed as a judicial admission," a stipulation is the opposite of procedural silence. *In re S.M.*, 2015 IL App (3d) 140687, ¶ 21. " 'A criminal defendant may waive, by stipulation, the need to prove all or part of the case that the State has brought against him.' " *People v. Toliver*, 2016 IL App (1st) 141064, ¶ 31 (quoting *People v. Washington*, 343 Ill. App. 3d 889, 900 (2003)). By conceding the issue of juvenile status, or age, "counsel demonstrated the intent of the defense to eliminate that issue from the case and focus on another aspect of the defense." *Toliver*, 2016 IL App (1st) 141064, ¶ 31. In short, by stipulating to respondent's status as a juvenile, defense counsel removed that issue from this case.

¶ 50     The reasons for forfeiture are particularly compelling in a juvenile case, where the juvenile respondent stipulates to his juvenile status in order to gain the benefits of the Act and then, on appeal, argues for reversal because the State failed to introduce evidence of that juvenile status at his bench trial—while still conceding that juvenile jurisdiction applies. "A party forfeits her right to complain of an error where to do so is inconsistent with the position taken by the party in an earlier court proceeding." *In re E.S.*, 324 Ill. App. 3d 661, 670 (2001) (citing *McMath v. Katholi*, 191 Ill. 2d 251, 255 (2000)).

¶ 51     Last but certainly not least, the appellate court has found that a police officer's testimony at a bench trial may suffice to establish a juvenile respondent's age. In *In re S.M.*, the appellate court discussed different ways that the State could satisfy this burden, stating:

> "In other cases, a police officer testifies before the court about an offender's response to inquiries from *law enforcement officers* regarding his age. Such testimony from the officer is admissible and may satisfy the State's burden of proof on the issue of the accused's age. See *People v. Dalton*, 91 Ill. 2d 22, 30 (1982)." (Emphasis in original.) *In re S.M.*, 2015 IL App (3d) 140687, ¶ 16.

¶ 52     In *In re S.M.*, the appellate court reversed because the State failed to present sufficient evidence of age at a bench trial in a juvenile case. However, the *In re S.M.* case differs from the case at bar, in that (1) in *In re S.M.* the appellate court observed that at the bench trial "neither officer testified concerning the respondent's age at the time of the occurrence," whereas in our case one of the officers did testify to the age obtained while processing the arrest (*In re S.M.*, 2015 IL App (3d) 140687, ¶¶ 5, 16); (2) in *In re S.M.* there is no indication that the respondent testified under oath about his age at a pretrial suppression hearing, whereas in our case he did;

(3) in *In re S.M.* the respondent objected both at the bench trial and in a timely posttrial motion that the State had failed to present any evidence of age at the bench trial, whereas in our case respondent did not object either at the bench trial or in a posttrial motion to the officer's testimony about respondent's age (*In re S.M.*, 2015 IL App (3d) 140687, ¶¶ 5, 8); and (4) lastly, in *In re S.M.* there is no indication that respondent stipulated to juvenile jurisdiction, whereas in our case he did (*In re S.M.*, 2015 IL App (3d) 140687, ¶ 4). In other words, all the considerations that drove the *In re S.M.* court to find insufficient evidence in the case before it are actually reasons to find sufficient evidence in the case before us.

¶ 53 Thus, we do not find persuasive respondent's arguments to reverse the findings of guilt on his age-based counts.

¶ 54 VI. One Act, One Crime Rule

¶ 55 Both the State and respondent agree that, if we affirm the trial court's findings of guilt on the two age-based counts, we must vacate the less serious offense under the one act, one crime rule.

¶ 56 Our supreme court has stated unequivocally, "we hold that the one-act, one-crime rule applies to juvenile proceedings. To the extent that decisions of the appellate court hold otherwise, they are overruled." *In re Samantha V.*, 234 Ill. 2d at 375. The *In re Samantha V.* court found "that the trial court violated the one-act, one-crime rule," when the trial court found the juvenile respondent guilty of two counts of aggravated battery that were based on the same battery and then "failed to merge the counts or otherwise indicate on the record that the respondent's adjudication of delinquency was based on only one count." *In re Samantha V.*, 234 Ill. 2d at 378.

¶ 57 Thus, although we affirm the trial court's findings of guilt on counts II and III, the two age-based counts, we vacate count III, the UPF count, under the one act, one crime rule.

¶ 58 CONLCUSION

¶ 59 For the foregoing reasons, we vacate the finding of guilt on count I, which was based on the lack of a FOID card; we affirm the findings of guilt on counts II and III, the two age-based counts; but we vacate count III, the UPF count, under the one act, one crime rule. Since the three counts were all based on the possession of the same handgun at the same moment in time, and respondent does not ask us to remand for resentencing, we do not order a resentencing. He asks us only to correct his sentencing order to reflect that he has 251 days of credit against his 30-day stayed commitment, and the State joins in this request. Thus we affirm his adjudication for wardship and sentence, with the adjudication based on AUUW grounded on age (count II), rather than lack of a FOID card (count I), but correct his sentencing order to reflect 251 days of credit for time served against his 30-day stayed commitment.

¶ 60 Affirmed in part; vacated in part. Sentencing order modified.